1    SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2      Including Professional Corporations
   P. CRAIG CARDON (admitted *pro hac vice*)
3    1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067
4    Telephone: (310) 228-3700
   Facsimile: (310) 229-3701
5    Email:      ccardon@sheppardmullin.com

6    SHANNA M. PEARCE (admitted *pro hac vice*)
   12275 El Camino Real, Suite 200
7    San Diego, California 92130
   Telephone: (858) 720-8900
8    Facsimile: (858) 509-3691
   Email:      spearce@sheppardmullin.com

9
   LANE POWELL
10   BREWSTER H. JAMIESON, ABA No. 8411122
   MICHAEL B. BAYLOUS, ABA No. 0905022
11   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska 99503
12   Telephone: (907) 277-9511
   Facsimile: (907) 276-2631
13   Email:      jamiesonb@lanepowell.com
           baylousm@lanepowell.com

14

15   Attorneys for Defendant NORDSTROM, INC.

16

17             **UNITED STATES DISTRICT COURT**

18             **FOR THE DISTRICT OF ALASKA**

19
   MAUREEN KEATING, on her own      | Case No. 3:17-cv-00030 SLG
20   behalf and on behalf of all others
   similarly situated,                | **NORDSTROM, INC.'S**
21
              Plaintiff,      | **(1)**    **MOTION TO DISMISS FIRST**
22                        |        **AMENDED COMPLAINT**
     vs.                         |        **UNDER F.R.C.P. 12(b)(1) and**
23                        |        **12(b)(6) AND/OR TO STRIKE**
   NORDSTROM, INC., a Washington     |        **ALLEGATIONS UNDER**
24   Corporation,                  |        **F.R.C.P. 12(f);**
                        |        **MEMORANDUM OF POINTS**
25               Defendant.    |        **AND AUTHORITIES**
                        | **(2)**    **DECLARATION OF P. CRAIG**
26                         |        **CARDON**
                        | **(3)**    **DECLARATION OF SHANNA**
27                         |        **M. PEARCE**

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................. 1

II. PLAINTIFF'S ALLEGATIONS ............................................................ 2

III. PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE THE
MAJORITY OF HER CLAIMS .............................................................. 4

    A.    Standard for Granting a Motion to Dismiss Pursuant to Rule
12(b)(1) .......................................................................................... 4

    B.    Plaintiff Lacks Standing to Bring Her Challenges in Federal
Court ............................................................................................... 5

    C.    Plaintiff Lacks Standing to Seek Any Injunctive Relief ........................ 7

IV. FAC SHOULD BE DISMISSED UNDER FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM ......... 9

    A.    The FAC Must Plead Facts Sufficient To Meet Both the
Plausibility Requirement Under Rule 8 and the Particularity
Standard Under Rule 9(b) ............................................................ 9

        1.    Plaintiff Has Failed to Plead Misrepresentation or
Deception with the Particularity Required by Rule 9(b) ............ 11

        2.    Plaintiff Has Failed to State a Claim for Common Law
Fraud ................................................................................. 13

        3.    Plaintiff Has Failed to State a Claim Under Any California
Statute ............................................................................... 14

        4.    Plaintiff's UTPCPA Claims Also Fail .................................. 15

V. THE COURT SHOULD STRIKE PLAINTIFF'S IMPROPER
ALLEGATIONS AND CLASS DEFINITION .......................................... 17

VI. CONCLUSION ................................................................................. 19

*Maureen Keating v. Nordstrom*; 3:17-cv-00030

SMRH:483302316.3

MOTION TO DISMISS AND TO STRIKE

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ackerman v. Northwestern Mut. Life Ins. Co.*
172 F.3d 467 (7th Cir. 1999) ............................................................................ 10

*Anderson v. Hain Celestial Group, Inc.*
87 F. Supp. 3d 1226 (N.D. Cal. 2015) .............................................................. 8

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......................................................................................... 9

*Austin v. Fulton Ins. Co.*
444 P.2d 536 (Alaska 1968) ............................................................................ 13

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .................................................................................... 9, 14

*Byler v. Deluxe Corp.*
222 F. Supp. 3d 885 (S.D. Cal. 2016) .............................................................. 7

*Cafasso, U.S. ex. rel. v. General Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) .................................................................... 10, 11

*Castagnola v. Hewlett-Packard Co.*
No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012) .................. 8

*Cattie v. Wal-mart Stores, Inc.*
504 F. Supp. 2d 939 (S.D. Cal. 2007) .............................................................. 5

*City of Los Angeles v. Lyons*
461 U.S. 95 (1983) ............................................................................................ 7

*Comwest, Inc. v. Am. Operator Servs., Inc.*
765 F. Supp. 1467 (C.D. Cal. 1991) ................................................................ 10

*Cooper v. Pickett*
137 F.3d 616 (9th Cir. 1997) ........................................................................... 10

*Davis v. HSBC Bank Nevada N.A.*
691 F.3d 1152 (9th Cir. 2012) .......................................................................... 9

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE

*Fantasy, Inc. v. Fogerty*
   984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517
   (1994) .................................................................................................. 17, 18

*Foster v. Center Town Ship of La Porte County*
   798 F.2d 237 (7th Cir. 1986) .................................................................... 5

*In re GlenFed, Inc. Sec. Litig*.
   42 F.3d 1541 (9th Cir. 1994) (en banc), *superseded by statute on
   other grounds as stated in SEC v. Todd*, 642 F.3d 1207 (9th Cir.
   2011) ....................................................................................................... 10

*Hangarter v. Provident Life and Acc. Ins. Co.*
   373 F.3d 998 (9th Cir. 2004) ............................................................... 5, 7

*Hodgers-Durgin v. de la Vina*
   199 F.3d 1037 (9th Cir. 1999) ........................................................... 18, 19

*Jovel v. Boiron, Inc.*
   No. 2:11-cv-10803-SVW-SH, 2013 WL 12164622 (C.D. Cal. Aug.
   16, 2013) ......................................................................................... 7, 8, 18

*Kearns v. Ford Motor Co.*
   567 F.3d 1120 (9th Cir. 2009) ............................................... 9, 10, 12, 16

*Knievel v. ESPN*
   393 F.3d 1068 (9th Cir. 2005) ................................................................ 12

*Lierboe v. State Farm Mut. Auto. Ins. Co.*
   350 F.3d 1018 (9th Cir. 2003) .................................................................. 5

*Lightle v. State, Real Estate Com'n*
   146 P.3d 980 (Alaska 2006) ............................................................. 13, 14

*Lujan v. Defenders of Wildlife*
   504 U.S. 555, 112 S.Ct. 2130 (1992) ....................................................... 4

*Nguyen v. Nissa North America, Inc.*
   No. 16-CV-05591-LHK, 2017 WL 1330602 (N.D. Cal. Apr. 11,
   2017) ......................................................................................................... 8

*Norwest Mortgage, Inc. v. Superior Court*
   72. Cal. App. 4th 214, 222-225 (Cal. App. 1999) ................................. 15

-iii-

*Perez v. Nidek Co., Ltd.*
    711 F.3d 1109 (9th Cir. 2013) ............................................................... 7

*Romero v. Flowers Bakeries, LLC*
    No. 14-CV-05189-BLF, 2015 WL 2125004 (N.D. Cal. May 6,
    2015) ....................................................................................................... 8

*Sacks v. Office of Foreign Assets Control*
    466 F.3d 764 (9th Cir. 2006) ................................................................. 5

*Safe Air For Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) ............................................................... 4

*Schmier v. U.S. Ct. App. for the Ninth Circuit*
    279 F.3d 817 (9th Cir. 2001) ................................................................. 4

*Sidney-Vinstein v. A.H. Robbins Co.*
    697 F.2d 880 (9th Cir. 1983) ............................................................... 17

*St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*
    No. C06-1056RSL, 2007 WL 1575955 (W.D. Wash. May 29, 2007) .................. 5

*Stathakos v. Columbia Sportswear Co.*
    No. 4:15-cv-04543-YGR, 2017 WL 1957086 (N.D. Cal. 2017) ........................ 14

*Taylor v. Nike*
    No. 3:16-cv-00661, 2017 WL 663056 (D. Or. Feb. 17, 2017) ............................ 8

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ............................................................. 10

*Wasco Products, Inc. v. Southwall Technologies, Inc.*
    166 Fed. Appx. 910 (9th Cir. 2006) ....................................................... 7

*Whitmore v. Arkansas*
    495 U.S. 149 (1990) ............................................................................. 4

<u>Statutes</u>

Alaska Statute section 09.10.070 ............................................................. 13

Alaska Statute section 45.50.471 ................................................... 1, 9, 16

Alaska Statute section 45.50.471(a)(5) .................................................. 16

-iv-

*Maureen Keating v. Nordstrom*; 3:17-cv-00030

SMRH:483302316.3

MOTION TO DISMISS AND TO STRIKE

Alaska Statute section 45.50.471(a)(10) ..................................................... 16

Alaska Statute section 45.50.471(a)(11) ..................................................... 16

Alaska Statute section 45.50.471(a)(12) ..................................................... 16

Alaska Statute section 45.50.471(b)(5) ................................................... 9, 16

Alaska Statute section 45.50.471(b)(10) ................................................. 9, 16

Alaska Statute section 45.50.471(b)(11) ................................................. 9, 16

Alaska Statute section 45.50.471(b)(12) ................................................. 9, 16

Alaska Statute section 45.50.531(a) ......................................................... 16

Alaska Statute section 45.50.531(f) .......................................................... 16

California Business and Professions Code section 17200 ............ 1, 9, 12, 14, 15

California Business and Professions Code section 17204 ............................... 15

California Business and Professions Code section 17500 ................................. 9

California Civil Code section 1750 ................................... 1, 9, 12, 13, 14, 15

California Civil Code section 1770(a)(5) ................................................ 9, 15

California Civil Code section 1770(a)(9) ...................................................... 9

California Civil Code section 1770(a)(13) .................................................... 9

California Civil Code section 1770(a)(14) ............................................... 9, 15

California Civil Code section 1770(a)(17) .................................................... 9

California Civil Code section 1783 ............................................................ 15

California Code of Civil Procedure section 338(d) ....................................... 13

Other Authorities

Federal Rule of Civil Procedure 8 ............................................... 1, 9, 11, 14

Federal Rule of Civil Procedure 9(b) ................................ 1, 3, 9, 10, 11, 13, 16

Federal Rule of Civil Procedure 12(b)(1) ................................................. 1, 4

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE

SMRH:483302316.3

Federal Rule of Civil Procedure 12(b)(6)........................................................1, 9, 17

Federal Rule of Civil Procedure 12(f) ..............................................................1, 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-vi-

SMRH:483302316.3
MOTION TO DISMISS AND TO STRIKE

Defendant Nordstrom, Inc. ("Nordstrom") hereby submits its Motion to Dismiss Plaintiff Maureen Keating's ("Plaintiff") First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and/or to Strike Allegations under Federal Rule of Civil Procedure 12(f).

Pursuant to this Court's order on March 7, 2017 (Dkt. No. 4), Defendant certifies that the parties have conferred to determine whether this motion may be avoided by amendment. Defendant's counsel sent a letter to Plaintiff's counsel outlining the FAC's deficiencies and inquiring about amendment on July 28, 2017. No response was received, and a phone message and email on Friday, August 4, 2017 were also unanswered. The parties are therefore unable to agree that the pleading is curable by a permissible amendment.

## I.  <u>INTRODUCTION</u>

On the basis of wildly conclusory accusations of a myriad of supposedly-wrongful practices by Nordstrom which have never affected her, along with a few isolated incidents of register errors which were immediately corrected at Plaintiff's request, Plaintiff brings this action purporting to represent a class of California and Alaska consumers asserting claims for (1) common law fraud, (2) violation of California Business & Professions Code section 17200 (Unfair Competition Law, or "UCL"), (3) violation of Alaska Statute 45.50.471 (Unfair Trade Practices and Consumer Protection Act, or "UTPCPA"), and (4) violation California Civil Code section 1750 *et seq*. (Consumer Legal Remedies Act, or "CLRA").

The First Amended Complaint ("FAC") is fatally defective for a variety of reasons. As an initial matter, Plaintiff lacks Article III standing to pursue her claims, on her own behalf or on behalf of anyone else, because she has not been injured or established a likelihood of future injury. Furthermore, the FAC fails to state any claim. All of Plaintiff's claims sound in fraud, and so her allegations must comply with the plausibility and particularity requirements of Federal Rules of Civil Procedure 8 ("Rule 8") and 9(b) ("Rule 9(b)"). Plaintiff's allegations of deception

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE

fall far short of these standards, and moreover the other facts she has pled demonstrate that she is not entitled to the relief she seeks.

Additionally, because Plaintiff may not bring claims on the basis of her conclusory allegations about wrongful practices which have not affected her, those accusatory allegations are irrelevant and impertinent, and should be stricken from the FAC. Likewise, because Plaintiff may not represent any class of individuals who were allegedly affected by such practices, the associated portions of her class definition should also be stricken.

This Court should grant Nordstrom's motion in its entirety, and dismiss Plaintiff's FAC with prejudice.

## II.    **PLAINTIFF'S ALLEGATIONS**

The FAC makes a number of vague and conclusory accusations of supposedly-fraudulent practices by Nordstrom—including that Nordstrom "falsely claims that it is committed to delivering low prices to its customers," that Nordstrom "instructs its vendors to create hang tags that depict false and inflated manufacturer's suggested retail price[s]," that Nordstrom "misrepresents the savings of items which are regularly bought as multiple items," and that Nordstrom advertises 'pre-season sales' purporting to discount items which Nordstrom does intend to sell "in any substantial quantities at the purported full value." FAC ¶ 3. Plaintiff further asserts an intention to represent classes of individuals in California and Alaska who have been affected by these practices (*id*. ¶ 13), yet she does not allege *any* facts supporting these accusations, nor any facts even suggesting that she has personally been affected by these allegedly fraudulent practices.

The only factual allegations contained within the FAC are as follows:

- Plaintiff is visually impaired and has been unable to read "up to" and "or more" verbiage on "percent off" signs viewed from a distance. *Id.* ¶ 6. On February 16, 2015, Plaintiff saw a sign outside of Nordstrom which advertised prices "*up to*" 40% off (emphasis added) but was

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE

SMRH:483302316.3

"dismayed to find" that not *all* items in the store were discounted by 40 percent. *Id.* Plaintiff was informed by an unnamed sales associate, on an unknown date, that on a particular table of socks marked "33% Off *or more*" (emphasis added) there were not any socks offered at discounts greater than 33 percent. *Id.*

- On January 3, 2014 at a Nordstrom store in San Francisco, the prices of four out of nineteen items she purchased did not ring up at prices reflecting "*savings promised online*." *Id.* ¶ 7 (emphasis added). She does not specifically identify any solicitation or online representations. She returned to the store and received a price adjustment in the amounts requested. *Id.*

- On three occasions between 2015 and 2017, errors at the register in an Alaska store resulted in charged prices which were different than the prices marked on the tags attached to the products, several of which were handwritten. *Id.* ¶¶ 8 (February 12, 2015), 6 (February 16, 2015), and 5 (February 16, 2017, the day before she filed her complaint). When Plaintiff requested price adjustment to correct the alleged errors, she received refunds. *Id.* ¶ 6.

- On an unidentified date in or around February 2015, Plaintiff was told by an unnamed employee that Nordstrom sales associates "don't ring up the hand-written price, we use the bar code and charge the price that is entered on the computer." *Id.*

- As to her February 12, 2015 purchase, Plaintiff later found the same item available for a lower price "online" but when she asked an assistant about "how the price guarantee worked," Plaintiff "was told she could not have a price adjustment" (presumably to match the lower price found "online"). *Id.* ¶ 8.

/ / /

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE
SMRH:483302316.3

Plaintiff makes little effort to tie these allegations to her causes of action, so it is impossible to determine exactly which allegations she believes support which theories.

## III.  PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE THE MAJORITY OF HER CLAIMS

### A.  Standard for Granting a Motion to Dismiss Pursuant to Rule 12(b)(1)

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III," from which federal courts derive their subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). The party seeking to avail itself of the federal courts has the burden of establishing standing. *Id.* at 561. *See also Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ("The litigant must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements."); *Schmier v. U.S. Ct. App. for the Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2001) ("The party seeking to invoke the jurisdiction of the federal courts has the burden of alleging specific facts sufficient to" prove standing). When considering Article III standing under Rule 12(b)(1), "a district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).

"[T]he irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) causation, and (3) redressability. *Lujan*, 504 U.S. at 560. An injury in fact is "an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citations omitted). This question is entirely separate from that of statutory standing; a federal court lacks subject matter jurisdiction to hear claims brought by an uninjured plaintiff, even if a state statute exists which grants a right of

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
SMRH:483302316.3                MOTION TO DISMISS AND TO STRIKE

action to uninjured individuals. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) (citing *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001). *See, e.g., Cattie v. Wal-mart Stores, Inc.*, 504 F. Supp. 2d 939, 951-52 (S.D. Cal. 2007) (uninjured plaintiff lacked standing under Article III, even though plaintiff might have had standing in state court); *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, No. C06-1056RSL, 2007 WL 1575955, at *2 (W.D. Wash. May 29, 2007) (same).

In a class action, if a plaintiff fails to establish standing, she may not assert claims on behalf of herself, or on behalf of any of the class members she purports to represent. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("our law makes clear that 'if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669 (1974)); *Foster v. Center Town Ship of La Porte County*, 798 F.2d 237, 244 (7th Cir. 1986) ("Furthermore, it is clear that if Foster lacked standing to bring the claim in question in her own right, she cannot qualify as a representative of a class purporting to raise the same claim."). Importantly, a plaintiff is required to establish standing "for *each challenge* [she] wishes to bring and *each form of relief* [she] seeks." *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006) (emphasis added).

## B. <u>Plaintiff Lacks Standing to Bring Her Challenges in Federal Court</u>

Plaintiff makes a myriad of accusations against Nordstrom, and purports to represent a class of consumers injured by those practices. However, Plaintiff herself lacks standing to challenge most of these practices because she does not allege that they have affected her, or are likely to affect her, in any way. As a result, she lacks standing to bring claims based upon those practices, either as an individual or as a class representative. Plaintiff complains that Nordstrom advertises pre-season sales without intending to sell any substantial quantities of the sale items at regular price

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE

SMRH:483302316.3

(FAC ¶ 3), and purports to represent a class of customers who purchased items at such sales (*id.* ¶ 13), even though *she nowhere alleges that she herself shopped at Nordstrom during any pre-season sale*, much less made a purchase. She alleges that she "understands" (though she cites no source for this understanding) that Nordstrom "instructs its vendors to create hang tags that depict a false and inflated manufacturer's suggested retail price," (*id.* ¶ 3) but nowhere alleges that she has purchased any items with such allegedly inflated manufacturer's suggested retail prices. She claims that Nordstrom misrepresents the savings of items regularly bought as multiple items (*id.* ¶ 3), and she purports to represent a class of people who purchased items regularly discounted for multiple purchases (*id.* ¶ 13), even though she does not allege that she made any purchases subject to a multiple-item discount.

Furthermore, even as to practices which have purportedly affected her personally, Plaintiff lacks standing because she has not been harmed. Although she alleges that register errors resulted in a charged price higher than an advertised sale price on a few occasions (over a period of several years), she also admits that she received full in-store price adjustments every time she sought correction. *Id.* ¶¶ 6, 7. Plaintiff does not allege that she sought correction of the register errors on February 12, 2015 or February 15, 2017 (the day before she filed her complaint), but Nordstrom refunded her credit card for the alleged overcharges upon becoming aware of them via the complaint, just as it would have done in-store. Contrary to Plaintiff's allegation that Nordstrom has "failed and refused to take action" in response to her February 16, 2017 correspondence (*id.* ¶ 41), Nordstrom effected the refunds as soon as it had sufficient information to identify the purchases and credit card information, in order to make Plaintiff whole. Plaintiff has not suffered any monetary loss. Declaration of P. Craig Cardon ¶ 2, Exh. A. Plaintiff cannot establish the requisite injury necessary to sustain any claim in federal court, on Plaintiff's own behalf or on behalf of anyone else.

SMRH:483302316.3

*Maureen Keating v. Nordstrom*; 3:17-cv-00030

MOTION TO DISMISS AND TO STRIKE

Plaintiff's allegations alone demonstrate that she lacks Article III standing to bring her Second and Fourth Causes of Action. Each of them is brought under California statutes, but her FAC refers to only one incident of alleged overcharge in California, for which she admits that she received a full in-store price adjustment. FAC ¶ 7. Because Plaintiff has not been harmed in connection with any conduct in California, her Second and Fourth Causes of Action are subject to dismissal in their entirety, and Plaintiff may not represent any class of California residents.

## C.    <u>Plaintiff Lacks Standing to Seek Any Injunctive Relief</u>

Plaintiff seeks injunctive relief as part of her claims brought under both Alaska and California consumer statutes. However, where a plaintiff seeks injunctive relief, "the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d at 1021(quotation omitted). Even if a plaintiff has been injured in the past, in order to have Article III standing to seek an injunction in a federal court, that plaintiff must demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). *See, e.g., Wasco Products, Inc. v. Southwall Technologies, Inc.*, 166 Fed. Appx. 910, 911 (9th Cir. 2006) (no "immediate threat" of injury or likelihood of repeated wrong where parties no longer had business relationship); *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1114 (9th Cir. 2013) (no standing to seek injunctive relief against surgeons and surgical equipment manufacturer where plaintiff did not allege intention to undergo surgery again); *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 898-99 (S.D. Cal. 2016) (applying "well-established precedent" to find that plaintiffs who "have not alleged an intent to purchase the products in the future . . . lack standing to seek injunctive relief"); *Jovel v. Boiron, Inc.*, No. 2:11-cv-10803-SVW-SH, 2013 WL 12164622, at *6 (C.D. Cal. Aug. 16, 2013) (no standing to pursue injunctive relief for defendant's alleged misrepresentations because plaintiff both alleged that he would not have purchased the subject products had he known "the truth about Defendants' misrepresentation

SMRH:483302316.3

and omissions" and that plaintiff had become aware of the truth, so he was unlikely to be harmed again). As in *Jovel*, Plaintiff here has alleged both that she "did not know the falsity of Nordstrom's representations, and would not have purchased the items had they known that the savings were illusory and/or otherwise untrue" (FAC ¶ 19) *and* that she has been told (by an unidentified sales associate) that associates "don't ring up the hand-written price, [they] use the bar code and charge the price that is entered on the computer." *Id.* ¶ 6. Plaintiff has not alleged that she is likely to be deceived again, nor even that she intends to shop at Nordstrom in the future. Plaintiff's allegations are insufficient to confer standing.

Furthermore, even if Plaintiff were to allege that she intends to shop at Nordstrom again, several courts in the Ninth Circuit applying these principles have held that a plaintiff alleging false advertising lacks Article III standing to pursue injunctive relief because there is no *plausible* possibility that the plaintiff will suffer future harm. *See, e.g., Taylor v. Nike,* No. 3:16-cv-00661, 2017 WL 663056 (D. Or. Feb. 17, 2017); *Romero v. Flowers Bakeries, LLC,* No. 14-CV-05189-BLF, 2015 WL 2125004, at*7 (N.D. Cal. May 6, 2015); *Castagnola v. Hewlett-Packard Co.,* No. C 11-05772 JSW, 2012 WL 2159385, at *6 (N.D. Cal. June 13, 2012). In *Taylor*, the court reasoned: "By virtue of her past injury . . . Ms. Taylor is now aware of any false pricing scheme in which Nike might be engaged. Therefore, she cannot demonstrate 'the imminent prospect of future injury' because she can no longer be deceived." *Taylor*, 2017 WL 663056 at *6. *See also Anderson v. Hain Celestial Group, Inc.*, 87 F. Supp. 3d 1226 (N.D. Cal. 2015) (holding plaintiff lacked standing to pursue injunctive relief in a false advertising case); *Nguyen v. Nissa North America, Inc.*, No. 16-CV-05591-LHK, 2017 WL 1330602, *5 (N.D. Cal. Apr. 11, 2017) (same). Plaintiff lacks Article III standing to pursue injunctive relief, and so her claims for injunctive relief must be dismissed.

/ / /

/ / /

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE

# IV. FAC SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM.

The FAC must be dismissed, not only because Plaintiff's conclusory allegations fall short of the particularity and plausibility requirements of the Federal Rules, but also because the facts she *has* provided do not support (and in several instances, conclusively undermine) any entitlement to relief under her causes of action.

## A. The FAC Must Plead Facts Sufficient To Meet Both the Plausibility Requirement Under Rule 8 and the Particularity Standard Under Rule 9(b)

Plaintiff has not only brought a claim for common law fraud, she has also brought claims under California's Unfair Competition Law ("UCL") [which she bases upon alleged violation of California's False Advertising Law ("FAL")], sections of California's Consumer Legal Remedies Act ("CLRA"), and sections of Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA"), each of which require a false or misleading statement that is likely to deceive a reasonable consumer. *See* Cal. Bus. & Prof. Code § 17500; Cal. Civ. Code § 1770(a)(5), (9), (13), (14) and (17); AS 45.50.471(b)(5), (10), (11), and (12); *Davis v. HSBC Bank Nevada N.A.*, 691 F.3d 1152, 1161-62 (9th Cir. 2012).

The FAC must therefore satisfy not only the plausibility requirement under Rule 8, but also the particularity requirements of Rule 9(b). *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009). Under Rule 8, Plaintiff must allege sufficient facts to "raise a right to relief above the speculative level.*" Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, she must plead actual facts that rule out any possible scenario that would not establish a claim. "[L]abels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient for this purpose. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 9(b) requires even more; a complaint must allege,

in detail, "the who, what, when, where, and how" of the alleged fraudulent conduct (*Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)), and "set forth an explanation as to why the statement or omission complained of was false or misleading" (*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011)). *See also Cafasso, U.S. ex. rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (holding that plaintiffs must allege "what is false or misleading about the purportedly fraudulent statement, and why it is false"); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (same). "It is well settled that fraud [a]llegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (citations and internal quotation marks omitted).

In applying these standards, courts have required more than conclusory allegations that a statement or an advertisement is false or deceptive. To satisfy Rule 9(b), the complaint must include allegations *supporting the conclusion* that the statement or advertisement is false or deceptive—conclusory allegations *of falsity* are insufficient. Courts impose this requirement so that plaintiffs "conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). *See also Kearns*, 567 F.3d at 1125 (the additional pleading requirement serves to "deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'" and "to 'prohibit [] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis'").

/ / /

/ / /

*Maureen Keating v. Nordstrom*; 3:17-cv-00030

SMRH:483302316.3

MOTION TO DISMISS AND TO STRIKE

### 1. **Plaintiff Has Failed to Plead Misrepresentation or Deception with the Particularity Required by Rule 9(b)**

The FAC falls far short of the requirements of both particularity and plausibility; Plaintiff's claims (and associated class definition) are predicated upon a large number of wildly conclusory allegations which are entirely untethered to any specific facts. As mentioned above, those include allegations that "Nordstrom falsely claims that it is committed to delivering low prices . . . that it will not be undersold and that it price matches." FAC ¶ 3. Plaintiff has failed to identify any representation with the requisite particularity, much less its falsity. Plaintiff further alleges that "Nordstrom regularly advertises pre-season sales in which it purports to discount the prices of fashion items, which it buys in limited quantities and does not intend to sell and/or nor does it sell such items in any substantial quantities at the purported value." *Id.* Again, no specific representations are alleged, and Plaintiff provides no facts to support these conclusory allegations. Plaintiff also asserts (upon "information and belief") that "Nordstrom instructs its vendors to create hang tags that depict a false and inflated manufacturer's suggested retail price," (*id.*) but provides no supporting facts whatsoever. She alleges that Nordstrom engages in "other deceptive sales practices" which include "misrepresenting the savings of items which are regularly bought as multiple items and/or fail[ing] to apply the discounts its offers for multiple purchases." *Id.* Again, no facts whatsoever are alleged in support of this bald assertion. "This type of allegation, which identifies a general sort of fraudulent conduct but specifies no particular circumstances of any discrete fraudulent statement, is precisely what Rule 9(b) aims to preclude." *Cafasso, U.S. ex rel.,* 637 F.3d at 1057.

Even Plaintiff's allegations related to her own experiences fall short of Rule 8 and 9(b) standards for pleading fraud or deceptive practices. She has failed to identify the dates or the actual representations in a "solicitation from Nordstrom as to a sale," the "savings promised online" or "prominently displayed signage" which

SMRH:483302316.3

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE

were allegedly false. FAC ¶ 7. *See Kearns*, 567 F.3d at 1126 (dismissing UCL and CLRA claims where plaintiff failed to allege what the particular misrepresentation allegedly relied on "specifically stated"). As to her purchase in Anchorage on February 12, 2015, about which her grievance appears to be that she did not receive a post-purchase price-match to a price found "online," (*id.* ¶ 8) Plaintiff's allegation that "Nordstrom falsely claims . . . that it price matches" (*id.* ¶ 3) does not identify any representation about price matching with particularity; nor does it provide facts demonstrating the falsity of any such representation. Presumably, Plaintiff's misrepresentation claim is based upon Nordstrom's price matching policy, but that policy has at all relevant times indicated that the prices of *similar retailers* will be matched *prior to purchase*, and specifically noted that Nordstrom is "unable to match prices from . . . websites." Declaration of Shanna M. Pearce, ¶¶ 2-3, Exhs. A & B.[1] Plaintiff's own allegations—that she sought a post-purchase price match to an "online" price—demonstrate that she was not entitled to a price match under the policy. The policy does not contain any false representations as alleged. FAC ¶ 8.

Plaintiff has also alleged that Nordstrom makes "misleading representations that prices are reduced by 'more than' or 'up to' certain percentages, when the markdowns do not reflect the prominently displayed amounts" ( *id.* ¶ 3) but her only relevant factual allegations do not demonstrate that any such representations of that nature were false, but instead that they were literally true. She saw a sign that stated that prices were "*up to*" 40% off (emphasis added) and complains that "prices were not all 40% reduced." *Id.* ¶ 6. She alleges that she was enticed inside the store by a sign on a table of socks which "clearly stated 33 percent off" and was disappointed

---

[1] The Court may consider materials that are incorporated by reference into a complaint without converting a motion to dismiss into a motion for summary judgment where a plaintiff's claim depends upon the contents of a document whose authenticity is not disputed, even though the plaintiff may not explicitly allege the contents of the document in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1988)). Plaintiff's claim that Nordstrom's statements regarding its price matching policy are false necessarily depends upon the statements themselves.

SMRH:483302316.3

to discover that no socks were marked at *more* than 33% off. *Id.* These allegations fail to plead any fraud or deception with the particularity required by Rule 9(b), and the claims based upon them must be dismissed.

### 2.    Plaintiff Has Failed to State a Claim for Common Law Fraud

To state a claim of common law fraud, in either California or Alaska, Plaintiff must not only plead a false representation with particularity, but as with any other cause action she must also plead facts plausibly demonstrating that the elements of the cause of action are met, and she must bring the claim within the applicable statute of limitations.

As a preliminary matter, neither Plaintiff's January 3, 2014 purchase in California, nor her February 12, 2015 purchase in Alaska may support a cause of action for fraud, because both incidents are outside the applicable statutes of limitations. Cal. Code Civ. Proc. § 338(d) (three years for fraud); AS § 09.10.070 (two years for torts). *See Austin v. Fulton Ins. Co.*, 444 P.2d 536, 539 (Alaska 1968) ("Misrepresentation and negligence are tort concepts, not contract, and the two-year statute of limitation respecting torts governs in this instance."). Because Plaintiff has alleged only one purchase in California, in January 2014, her cause of action for common law fraud under California law is barred in its entirely.

The allegations related to Plaintiff's other, more recent, purchases in Alaska do not support a claim for common law fraud. The elements of fraudulent misrepresentation in Alaska are: "(1) a misrepresentation of fact or intention, (2) made fraudulently (that is, with 'scienter'), (3) for the purpose or with the expectation of inducing another to act in reliance, (4) with justifiable reliance by the recipient, (5) causing loss." *Lightle v. State, Real Estate Com'n*, 146 P.3d 980, 983 (Alaska 2006). Even if it is assumed that prices marked on a tag which ring up incorrectly at a register are *per se* false representations (which they are not, but rather inadvertent errors, as Nordstrom's immediate corrections at first opportunity demonstrate), Plaintiff's allegations do not meet the other elements of scienter,

*Maureen Keating v. Nordstrom*; 3:17-cv-00030

SMRH:483302316.3

MOTION TO DISMISS AND TO STRIKE

justifiable reliance, or loss. As to her purchase on February 16, 2015, she has alleged that she received a full in-store price adjustment to the hand-written sale prices on the items she purchased, and so she has sustained no loss. FAC ¶ 6. For this reason alone this purchase cannot support a claim for fraud. Furthermore, while Plaintiff has interpreted the alleged statement by one of Nordstrom's sales associates that they do not ring up hand-written prices, but rather "use the bar code and charge the price that is entered on the computer," (*id.*) and the fact that a similar error had occurred in the past, as evidence of intentionally or knowingly false sale prices (*id.* ¶¶ 3, 23), these facts establish no such scienter. These facts could equally describe a few isolated human errors despite a practice of updating the computer such that scanning bar codes should yield the same price as is written on the tag. Under Rule 8, allegations must "raise a right to relief above the speculative level*." Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff's allegations, and her subjective conclusions drawn from them, do not establish scienter, they do clearly demonstrate that by the time she made her purchase on February 15, 2017 (FAC ¶ 5), the day before she filed her original complaint, she could not plausibly have relied upon any allegedly-false hand-written price. *See, e.g., Stathakos v. Columbia Sportswear Co.*, No. 4:15-cv-04543-YGR, 2017 WL 1957086, at *8 (N.D. Cal. 2017) (plaintiffs could not satisfy "actual reliance" standard for purchases made after they were already aware of allegedly deceptive pricing practices). Plaintiff has failed to state a claim for common law fraud, and her First Cause of Action must accordingly be dismissed.

### 3. Plaintiff Has Failed to State a Claim Under Any California Statute

Plaintiff has failed to state a claim under California's UCL or CLRA. Her only allegations connected to California concern a purchase on January 3, 2014, and she alleges that she received a full in-store price adjustment just a few days later. FAC ¶ 7, Exh. 3. These allegations clearly establish not only the absence of Article III standing (*see* Section III(B), *supra*), but also that she lacks statutory standing to

SMRH:483302316.3

bring a UCL claim, and that her CLRA claim is time-barred. A plaintiff lacks standing to seek either monetary or injunctive relief under the UCL unless that plaintiff has lost "money or property." Cal. Bus. & Prof. Code § 17204. As stated above, Plaintiff's allegations show that she has not lost money or property in connection with the California transaction, but rather received a full price-adjustment on request (FAC ¶ 7, Exh. 3) and so she lacks statutory standing under the UCL. As to her CLRA claim, it is barred by the applicable statute of limitations, because the events at issue occurred more than three years prior to the date of her Complaint.[2] Cal. Civ. Code § 1783.

Plaintiff's Alaska purchases cannot support claims under the UCL or CLRA, because those statutes do not apply to events outside of California. California courts have held that California statutes presumptively "do not regulate occurrences outside the state unless a contrary intention is clearly expressed or reasonably can be inferred from the language or purpose of the statute." *Norwest Mortgage, Inc. v. Superior Court*, 72. Cal. App. 4th 214, 222-225 (Cal. App. 1999) (finding that the UCL does not apply to claims of non-California residents injured by conduct occurring outside of California). Nothing in the language of either statute suggests that it may apply to Plaintiff's purchases in Alaska as an Alaska resident. Because Plaintiff lacks statutory standing to bring a UCL claim, and because her CLRA claim is time-barred, the Second and Fourth Causes of Action must be dismissed for failure to state a claim.

/ / /

### 4.    **Plaintiff's UTPCPA Claims Also Fail**

---

[2] While the statute of limitations issue is dispositive, it should be noted that several of Plaintiff's cited subsections have no conceivable application to the facts she has alleged. *See* Cal. Civ. Code § 1770(a)(5) (concerning representations that goods or services have "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . ."); Cal. Civ. Code § 1770(a)(14) (concerning representations "that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.").

*Maureen Keating v. Nordstrom*; 3:17-cv-00030
MOTION TO DISMISS AND TO STRIKE
SMRH:483302316.3

Plaintiff's cause of action under Alaska Statute 45.50.471 also fails. As stated above, the pleading requirements of Rule 9(b) applies to any state or federal law which sounds in fraud. *Kearns*, 567 F.3d at 1125. UTPCPA subsections (b)(10), (11), and (12) all concern "false or misleading statements," conduct which "creat[es] a likelihood of confusion or of misunderstanding *and which* misleads, deceives, or damages . . ." (emphasis added) and "employing deception, fraud, false pretense, false promise, misrepresentation . . ."[34] As described at length in Sections IV(A)(1) and (2), *supra*, Plaintiff's allegations of false and misleading statements fall far short of that standard. For this reason alone, Plaintiff's Third Cause of Action is subject to dismissal.

Plaintiff's allegations demonstrate that she is not entitled to monetary relief, or injunctive relief, under the UTPCPA for several additional reasons. As an initial matter, her February 12, 2015 transaction is outside of the applicable two-year statute of limitations to seek monetary relief. AS 45.50.531(f). Furthermore, an action for monetary relief under the UTPCPA may also only be maintained by a plaintiff who has "suffer[ed] an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 . . ." AS 45.50.531(a). By her own allegations, Plaintiff suffered no loss associated with her February 16, 2015 purchase, because she received a full in-store price adjustment (FAC ¶ 6). Even if Plaintiff did sustain a loss in connection with her purchase made the day before she filed the Complaint, February 15, 2017, that loss could not have been "as a result of" any act on Nordstrom's part. As explained in Section IV(A)(2), above, Plaintiff has not pled any plausible reliance on that date, because

---

[3] The FAC states that the claim is brought under AS 45.50.471(a)(5), (10), (11) and (12), but no such subsections exist. Nordstrom assumes that Plaintiff intended to refer to subsection (b), and responds accordingly.

[4] UTPCPA subsection (b)(5) is clearly inapplicable—it relates to used and secondhand goods, and Plaintiff has made no allegations concerning any used or secondhand goods.

SMRH:483302316.3

MOTION TO DISMISS AND TO STRIKE

she already believed that hand-written prices were false. Furthermore, Plaintiff's allegations that she received price adjustments on prior occasions when requested (FAC ¶¶ 6, 7) show that she likely would have received one immediately in-store had she requested it, and in fact, Nordstrom has already made Plaintiff whole with a price adjustment effected at first opportunity. *See* Section III(B), *supra*. As to injunctive relief, Plaintiff lacks Article III standing to pursue any claim for injunctive relief because she has not alleged, and cannot plausibly allege, that she is likely to suffer future harm. *See* Section III(C), *supra*. Accordingly, Plaintiff's Third Cause of Action must be dismissed.

## V. THE COURT SHOULD STRIKE PLAINTIFF'S IMPROPER ALLEGATIONS AND CLASS DEFINITION

A Rule 12(f) motion provides a mechanism by which a court may strike any fact alleged in a complain that is "redundant, immaterial, impertinent, or scandalous," or any allegation that is legally defective and is not susceptible to dismissal through a motion under Rule 12(b)(6). *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534-35 (1994). The function of a motion to strike is "to avoid the expenditure of time and money that may arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 886 (9th Cir. 1983). Allegations are immaterial when they have "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.*, 984 F.2d at 1528. Allegations are "impertinent" when they "do not pertain, and are not necessary, to the issues in question." *Id.* at 15287.

This Court should strike Plaintiff's conclusory accusations throughout the FAC which are clearly irrelevant and impertinent because they are entirely untethered to any facts concerning Plaintiff. Conservatively, those allegations are:

/ / /

/ / /

*Maureen Keating v. Nordstrom*; 3:17-cv-00030

SMRH:483302316.3

MOTION TO DISMISS AND TO STRIKE

- "Keating also alleges that Nordstrom regularly advertises pre-season sales in which it purports to discount the prices of fashion items, which it buys in limited quantities and does not intend to sell and/or nor does it sell such items in any substantial quantities at the purported full value, and which Keating further alleges is a violation of FTC guidelines." FAC ¶ 3.

- "On information and belief, Keating understands that Nordstrom instructs its vendors to create hang tags that depict a false and inflated manufacturer's suggested retail price." *Id.*

- ". . . misrepresenting the savings of items which are regularly bought as multiple items and/or fails to apply the discounts it offers for multiple purchases." *Id.*

- "Nordstrom is not only engaging in false and deceptive price comparisons . . ." *Id.* ¶ 9.

- ". . . the original or 'regular' sales prices of merchandise and purported savings promised to customers . . ." *Id.* ¶ 31.

Portions of the class definition must also be stricken as to class members which Plaintiff does not have standing to represent. "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Jovel*, 2013 WL 12164622, at *3 (quotation omitted). Because she clearly has no claim under California law, Plaintiff may not represent any class of California residents. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (a plaintiff who lacks standing may not represent a class). Accordingly, Plaintiff's California class allegations should be stricken. FAC ¶ 13. Likewise, because she has not alleged that she has been personally affected or harmed by any of the alleged practices described above, Plaintiff may not represent even Alaska consumers who were

/ / /

SMRH:483302316.3

*Maureen Keating v. Nordstrom*; 3:17-cv-00030

MOTION TO DISMISS AND TO STRIKE

subject to any such practices.  Accordingly, the second, third, and fifth sentences of the class definition should be stricken.  *Id.*

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, Nordstrom respectfully requests that the Court grant its Motion, dismiss the FAC, and strike its impertinent and irrelevant allegations.

Dated:  August 7, 2017                    SHEPPARD MULLIN RICHTER & HAMPTON LLP


By    _____
                        */s/ Craig Cardon*
                        P. CRAIG CARDON
                        Attorneys for Defendant
                        NORDSTROM, INC.


I certify that on August 7, 2017, a copy
of the foregoing was served electronically on:

Jason Skala, arcticattorney@arcticattorneys.com

s/ Craig Cardon_____