# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MAUREEN KEATING, on her own behalf and on behalf of all others similarly situated,

        Plaintiff,

vs.

NORDSTROM, INC., a Washington Corporation,

        Defendant.

Case No. 3:17-cv-00030-SLG

## **ORDER RE MOTION TO DISMISS AND OTHER PENDING MOTIONS**

Before the Court at Docket 23 is Defendant's Motion to Dismiss First Amended Complaint Under F.R.C.P. 12(b)(1) and 12(b)(6) and/or to Strike Allegations Under F.R.C.P. 12(f). The motion has been fully briefed.[1] Oral argument was held on December 6, 2017. Plaintiff has alleged this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).[2]

## **BACKGROUND**

Plaintiff Maureen Keating seeks to bring a class action on behalf of herself and residents of Alaska and California who have purchased goods from Nordstrom.[3] Her First Amended Complaint ("FAC") alleges that Nordstrom "has a pattern and practice of

---

[1] *See* Docket 41 (Opp.); Docket 46 (Reply). Ms. Keating has filed a Motion to Amend/Correct at Docket 52, which includes a Proposed Second Amended Complaint at Docket 52-1. At Docket 59, the Court ordered Nordstrom to file its opposition to the Motion to Amend within 14 days from this order.

[2] Docket 7 at 4, ¶ 10.

[3] Docket 7 at 4.

advertising false sales prices while regularly charging its customers more than the ticketed price." She also asserts that "Nordstrom falsely claims that it is committed to delivering low prices to its customers and that it will not be undersold and that it price matches."[4] She further alleges "Nordstrom regularly advertises pre-season sales in which it purports to discount the prices of fashion items, which it buys in limited quantities at the purported full value[.]" Finally, she contends that "Nordstrom engages in other deceptive sales practices, including misleading representations that prices are reduced by 'more than' or 'up to' certain percentages, when the markdowns do not reflect the prominently displayed amounts, misrepresenting the savings of items which are regularly bought as multiple items and/or fails to apply the discounts it offers for multiple purchases."[5]

Ms. Keating's FAC then contains a list of various purchases she has made at Nordstrom over the last few years. For example, she alleges that on January 3, 2014, after receiving a solicitation from Nordstrom that it was having a sale, she purchased more than $600 in items from a Nordstrom in San Francisco, California.[6] Only one of the items she purchased received a sales price, and four items were charged at a price in excess of the advertised sales price.[7] On January 16, 2014, Ms. Keating obtained a refund and price adjustment for the overpriced items.[8]

---

[4] Docket 7 at 2, ¶ 3.

[5] Docket 7 at 1– 2, ¶ 3.

[6] Docket 7 at 3, ¶ 7.

[7] Docket 7 at 3, ¶ 7.

[8] Docket 7-3 (Receipt Images) at 1.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 2 of 20

The FAC also alleges that on February 12, 2015, Ms. Keating purchased a top from Nordstrom, which had a printed price tag of $88, but she was charged $98. The same item was available online for $78. When Ms. Keating inquired about the price differences, she was told she could not have a price adjustment.[9]

On February 16, 2015, Ms. Keating alleges that Nordstrom's signs and emails advertised sale prices of "up to" 40 percent off or 33 percent off "or more." After purchasing four items, three of which had a 33 percent off handwritten sale price, Ms. Keating later discovered she received the sale price on only one of the items.[10] Upon returning to the store to obtain a refund for the overcharge, Ms. Keating alleges the sales assistant told her that she would not receive the sale price because "we don't ring up the hand-written price, we use the bar code and charge the price that is entered on the computer."[11]

Ms. Keating alleges that on February 15, 2017, she purchased a scarf from Nordstrom that displayed a 40 percent discount and had a handwritten price of $23.40. However, the scarf rang up at the full price of $39.[12]

---

[9] Docket 7 at 3, ¶ 8.

[10] Docket 7 at 2–3, ¶ 6.

[11] Docket 7 at 3, ¶ 6. It is unclear from the FAC whether Ms. Keating received a refund related to the February 16, 2015 purchase.

[12] Docket 7 at 2, ¶ 5.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 3 of 20

On February 16, 2017, Ms. Keating initiated this action.[13] On June 9, 2017, Ms. Keating filed her FAC.[14] She alleges four causes of action: common law fraud; violations of California's Unfair Competition Law ("UCL"); violations of AS 45.50.471; and violations of California's Consumer Legal Remedies Act ("CLRA").[15] In July 2017, Nordstrom reimbursed Ms. Keating's credit card for the February 12, 2015 and February 15, 2017 overcharges.[16]

Ms. Keating seeks class certification. She defines the proposed class as follows:

All persons who reside in the States of Alaska and California and who within the applicable statute of limitations preceding the filing of this action purchased goods from Nordstrom which reflected a purported discount price whether by posted signage and/or by amendment to the affixed hang tag price, and who were not afforded the sales price. The putative class will also include those who purchased items that are regularly discounted for multiple purchases, and for whom the purported percentage of savings was misrepresented. The Alaska class will include all Nordstrom customers, because all were subject to deceptive sales practices including false advertising. The California class will include all Nordstrom customers who shopped during purported sales as a result of inducement of reduced prices and misleading and deceptive sales practice including a commitment to low prices and price matching, and who would not have made purchases but for those inducements and/or who relied upon Nordstrom's representations as to savings.[17]

On August 7, 2017, Nordstrom filed the Motion to Dismiss Ms. Keating's FAC.[18] Nordstrom asserts that Ms. Keating lacks standing to bring her claims under Federal Rule

---

[13] Docket 1 (Compl.).

[14] Docket 7.

[15] Docket 7 at 6–8.

[16] Docket 24 at 4.

[17] Docket 7 at 4, ¶ 13.

[18] Docket 23.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 4 of 20

of Civil Procedural 12(b)(1) and that the FAC fails to state any claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[19]  Nordstrom also requests the Court strike Ms. Keating's allegations and class definitions pursuant to Federal Rule of Civil Procedure 12(f).  Nordstrom asserts that the Court should strike "Plaintiff's conclusory accusations throughout the FAC, which are clearly irrelevant and impertinent because they are entirely untethered to any facts concerning Plaintiff."[20]  Nordstrom further requests the Court to strike the class definition as to California consumers, asserting Plaintiff does not have standing to represent them.[21]

## DISCUSSION

### I. Standard for Motion to Dismiss Pursuant to 12(b)(1)

In order to survive a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff must establish and prove jurisdiction.[22]  "In reviewing an order dismissing an action for lack of subject matter jurisdiction, we must accept all of the plaintiff's factual allegations as true."[23]  However, "unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly

---

[19] Docket 23 at 12, 16.

[20] Docket 23 at 24.

[21] Docket 23 at 18.

[22] *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

[23] *McGowan v. Scoggins*, 890 F.2d 128, 136 (9th Cir. 1989) (citing *Atkinson v. United States*, 825 F.2d 202, 204 n.2 (9th Cir. 1987)).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 5 of 20

before the court."[24]  A plaintiff must establish Article III standing "for each challenge [she] wishes to bring and each form of relief [she] seeks."[25]

## II. Standard for Motion to Dismiss Pursuant to 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26]  *Iqbal* does not require a litigant to prove her case in her pleading, but it requires the litigant to "state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'"[27]  The pleading must contain "enough facts to state a claim to relief that is plausible on its face."[28]  This inquiry requires a court to "draw on its judicial experience and common sense."[29]  When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[30]  A court

---

[24] *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (quoting *St. Clair v. City of Chino*, 880 F.2d 199, 201 (9th Cir. 1989)).

[25] *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alterations in original) (quoting *Twombly*, 550 U.S. at 556).

[28] *Twombly*, 550 U.S. at 570.

[29] *Iqbal*, 556 U.S. at 679.

[30] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 6 of 20

"accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[31]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[32] But leave to amend is properly denied as to those claims for which amendment would be futile.[33]

### III. Rule 9(b)

In alleging fraud or mistake pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake." A plaintiff's allegations must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong."[34] The rule requires a plaintiff to assert "the who, what, when, where, and how" as to the alleged misconduct that occurred.[35]

### IV. Analysis

*A. 12(b)(1) Motion*

Nordstrom first contends that Ms. Keating does not have Article III standing to challenge Nordstrom's alleged practices. Specifically, Nordstrom contends that Ms.

---

[31] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 518 F.3d 1025, 1031 (9th Cir. 2008).

[32] Fed. R. Civ. P. 15(a).

[33] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[34] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

[35] *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 7 of 20

Keating does not have an injury "because she does not allege that [Nordstrom's alleged practices] have affected her, or are likely to affect her, in any way."[36] With respect to those practices that purportedly did affect Ms. Keating, Nordstrom asserts that Ms. Keating still lacks standing because Nordstrom has refunded the overcharges, and thus she has not suffered any monetary loss.[37]

Article III requires that a plaintiff allege "(1) an injury that is (2) is fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief."[38] To establish injury in fact, a plaintiff must establish that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[39] For an injury to be particularized it "must affect the plaintiff in a personal and individual way."[40] To establish that an injury is concrete it must be "*de facto*; that is it must actually exist."[41] "Article III standing requires a concrete injury even in the context of a statutory violation."[42] "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at

---

[36] Docket 23 at 12–13.

[37] Docket 23 at 12–13.

[38] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992) (internal quotations and citations omitted).

[39] *Id.* at 560.

[40] *Lujan*, 504 U.S. at 560 n.1; *see also Valley Forge Christian College v. Ams. United for Separation of Church and State, Inc.*, 1454 U.S. 464, 472 (1982) ("[Plaintiff must] show that he personally has suffered some actual or threatened injury[.]").

[41] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (internal quotation omitted).

[42] *Id.*

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 8 of 20

any point during litigation, the action can no longer proceed and must be dismissed as moot."[43]

Nordstrom specifically takes issue with two of Ms. Keating's allegations: (1) that "Nordstrom regularly advertises pre-season sales in which it purports to discount the prices of fashion items, which it buys in limited quantities and does not intend to sell and/or nor does it sell such items in any substantial quantities at the purported full value"[44]; and (2) that "Nordstrom . . . misrepresent[s] the savings of items which are regularly bought as multiple items and/or fails to apply the discounts it offers for multiple purchases."[45] Nordstrom asserts that "[Ms. Keating] nowhere alleges that she herself shopped at Nordstrom during any pre-season sale" and "does not allege that she made any purchases subject to a multiple-item discount."[46] The Court agrees. Ms. Keating has not alleged in her FAC that she suffered an injury "in a personal and individual way" relating to either of these practices. Accordingly, she has not satisfied the "particularity" requirement of injury for standing for these claims. Therefore, her claims that relate to Nordstrom's pre-season sales and multiple item discounts are dismissed without prejudice with leave to amend.[47]

---

[43] *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 669 (2016) (quotations omitted) (citing *Genesis Healthcare Corp.*, 569 U.S. 66, 70 (2013)).

[44] Docket 7 at 2.

[45] Docket 7 at 2.

[46] Docket 23 at 13.

[47] The FAC also does not plead these claims with particularity pursuant to Federal Rule of Civil Procedure 9(b), which requires a plaintiff to allege in detail the alleged fraudulent conduct, including "the who, what, when, where, and how." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 9 of 20

However, Ms. Keating does have Article III standing for her other claims. Ms. Keating claims that Nordstrom "has a pattern and practice of advertising false sale prices while regularly charging its customers more than the ticketed price" and that it "falsely claims that . . . it price matches."[48] These claims are "particularized" because she alleges Nordstrom's practices have affected her personally by listing specific purchases she made in her FAC that relate to allegedly false sale prices and price matching.[49] Her claims are also concrete since monetary damages are concrete.[50] Ms. Keating has provided specific examples in which she was charged more than the ticketed price and was charged more than had Nordstrom honored its price matching as it advertises. Accordingly, these allegations are particularized and concrete and therefore satisfy Article III standing.

Nordstrom maintains that because Ms. Keating has been reimbursed for the price discrepancies, she no longer has any damages and therefore, does not have Article III

---

[48] Docket 7 at 2–3.

[49] *See* Docket 7 at 2 ("Keating purchased a scarf from Nordstrom from a display of several dozen such scarves marked at a 40 percent discount, with a handwritten price of $23.40. The scarf rang up at full-price of $39.00."); Docket 7 at 3 ("Keating purchased a Je T'aime knit top which is clearly labeled . . . with a price $88. Upon examining her receipt, she was charged $98. . . . Keating found the same item available online for $78."); *see also* Docket 41 at 14 ("[I]t was Keating's experience that Nordstrom didn't price match in practice.").

[50] *See Chase v. Hobby Lobby Stores, Inc.*, 2017 WL 4358146 at *5 (S.D. Cal. Oct. 2, 2017) ("Defendant's references to the *Spokeo* standard requiring 'concrete and particularized' injury are inapposite—monetary damage is concrete and Plaintiff has adequately alleged that she was affected by the advertising in a 'personal and individual way.'"); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3 (9th Cir. 2013) ("[W]hen . . . Plaintiffs contend that class members paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so they have suffered an Article III injury in fact." (quotations omitted)).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 10 of 20

injury.[51] Ms. Keating relies on *Campbell-Ewald Co. v. Gomez* to support her argument that reimbursing her for the overcharges does not moot her case. In *Gomez*, the defendant argued that because it had provided a comprehensive offer to the plaintiff, which if accepted would have mooted his case, Article III standing did not exist.[52] The Supreme Court disagreed with the defendant's argument and reasoned:

> When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer leaves the matter as if no offer had ever been made.[53]

Although in *Gomez* the Supreme Court did not decide "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to a plaintiff," it expressed concern for placing class action "defendant[s] in the driver's seat," holding that "a would-be class representative with a live claim on her own must be accorded a fair opportunity to show that [class] certification is warranted."[54]

In *Chen v. Allstate,* the Ninth Circuit addressed the issue left open in *Gomez*.[55] In *Chen*, the defendant deposited $20,000 in escrow and agreed to an injunction, thereby offering to afford complete relief to the named plaintiff. The defendant then moved to

---

[51] Docket 23 at 12–13.

[52] *Gomez*, 136 S.Ct. 663, 668 (2016).

[53] *Id.* at 669 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81 (2013) (Kagan, J. dissenting)).

[54] *Id.* at 672.

[55] 819 F.3d 1136 (9th Cir. 2016).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 11 of 20

dismiss the case as moot. On appeal, the Ninth Circuit affirmed the trial court's denial of the motion to dismiss. First, the Circuit held that "even if the district court entered judgment affording [the named plaintiff] complete relief on his individual claims for damages and injunctive relief, mooting those claims, [the named plaintiff] would still be able to seek class certification under *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011)."[56] Second, the Ninth Circuit held that it would not direct the district court to moot the named plaintiff's individual claims before the plaintiff was accorded a fair opportunity to move for class certification.

In this case, Nordstrom has reimbursed Ms. Keating for two overcharges after she filed her complaint. But the FAC requests injunctive relief, punitive damages, statutory penalties, and attorneys' fees and costs, none of which Nordstrom has offered to provide; therefore, Ms. Keating has not received complete relief.[57] Accordingly, Nordstrom's reimbursement for these overcharges does not moot her case; nor does it negate Ms. Keating's standing.

Finally, Nordstrom contends that Ms. Keating "lacks standing to seek any injunctive relief" because she does not have a "sufficient likelihood that [s]he will again be wronged in a similar way."[58] In *Chester v. TJX Companies, Inc.*, the district court rejected a similar argument.[59] The defendants there argued that the plaintiffs did not allege they intended

---

[56] *Chen v. Allstate*, 819 F.3d at 1138.

[57] Docket 7 at 7, 9.

[58] Docket 23 at 14 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

[59] 2016 WL 4414768 (C.D. Cal. Aug. 18, 2016).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 12 of 20

to purchase any items from the defendant retailers in the future and therefore lacked standing to assert injunctive relief.[60] The court explained:

> It is inconceivable to think prospective relief in the false advertising context is bound by the rules of 'fool me once, shame on you; fool me twice shame on me." . . . [O]nce a plaintiff has alleged that she was deceived, she likely will not voluntarily be deceived again—and thus no court can enjoin deceptive practices without ignoring Article III's standing requirements. . . . To follow Defendants' arguments would "eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief.[61]

The Court agrees with this reasoning. Moreover, Ms. Keating has adequately alleged an intention to shop at Nordstrom in the future. Accordingly, she has standing to allege her claims for injunctive relief.

*B. 12(b)(6) Motion*

*i. Common Law Fraud*

Nordstrom contends that Ms. Keating has not pleaded claims for common law fraud that are "sufficient to meet both the plausibility requirement under Rule 8 and the particularity standard under Rule 9(b)."[62] Although the FAC may establish a cause of action for common law fraud, Ms. Keating has not pleaded with particularity the "who,

---

[60] *Id.* at *8.

[61] *Id.* (quoting *Koehler v. Litehouse, Inc.*, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012)); *but see Taylor v. Nike, Inc.*, 2017 WL 663056 at *2 (D. Or. Feb. 17, 2017) (agreeing with other district courts that have denied standing for injunctive relief "because consumers who become aware of a defendant's false advertising cannot establish that they are likely to be 'fooled again' by the misrepresentations").

[62] Docket 23 at 16, 23.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 13 of 20

what, where, when and how" pursuant to Rule 9(b).[63] Accordingly, Ms. Keating's First Cause of Action alleging common law fraud is dismissed without prejudice.

### ii. California Consumer Protection Statutes

Ms. Keating's Fourth Cause of Action alleges a violation of California Civil Code Section 1750, California's Consumer Legal Remedies Act ("CLRA").[64] Nordstrom asserts that Ms. Keating's CLRA claim is barred by the statute of limitations.[65] The CLRA is governed by a three-year statute of limitation.[66] However, the discovery rule applies to the CLRA and provides that "the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause."[67]

Ms. Keating alleges that on January 1, 2014, she purchased items from a Nordstrom in San Francisco, California that were rung up incorrectly.[68] Ms. Keating returned to Nordstrom and received a price adjustment on January 16, 2014.[69] On February 16, 2017, Ms. Keating filed her initial complaint. Ms. Keating was aware of a potential CLRA claim no later than January 16, 2014, which is beyond the three year

---

[63] Ms. Keating's Proposed Second Amended Complaint no longer alleges a claim for common law fraud. *See* Docket 52-1.

[64] Docket 7 at 8.

[65] Docket 23 at 22.

[66] Cal. Civ. Code § 1783.

[67] *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 926–27 (Cal. 1988) (en banc).

[68] Docket 7 at 3, ¶ 7.

[69] Docket 7-3 at 1.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 14 of 20

statute of limitations. Accordingly, Ms. Keating's Fourth Cause of Action under the CLRA is dismissed without prejudice with leave to amend.[70]

Ms. Keating's Second Cause of Action alleges violations of California's Unfair Competition Law ("UCL").[71] Nordstrom maintains that Ms. Keating has "failed to state a claim under California's UCL" statute and thus, lacks statutory standing.[72] Nordstrom asserts that because it has reimbursed Ms. Keating for any price discrepancies, she no longer has "lost money or property" as required by the statute.[73] However, the Ninth Circuit in *Hinojos v. Kohl's Corp.* held that "when a consumer purchases merchandise on the basis of false price information, and when the consumer alleges that he would not have made the purchase but for the misrepresentation, he has standing to sue under the UCL . . . because he has suffered an economic injury."[74] Ms. Keating alleges that she and the other plaintiffs "would not have purchased the items had they known that the savings were illusory and/or otherwise untrue."[75] Accordingly, the FAC states a cause of action pursuant to California's UCL.

---

[70] Ms. Keating's general claims that she shopped at Nordstrom in California do not suffice to plead a claim pursuant to CLRA. The Ninth Circuit has held that Rule 9(b)'s heightened pleading requirement applies to CLRA claims. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–05 (9th Cir. 2003)).

[71] Docket 7 at 6. Cal. Bus. & Prof. Code § 17200.

[72] Docket 23 at 21–22.

[73] Docket 23 at 21–22.

[74] 718 F.3d at 1107.

[75] Docket 7 at 6, ¶ 19.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 15 of 20

*iii. Alaska's Consumer Protection Statute*

Nordstrom asserts that Ms. Keating's claims for violations to Alaska law have not been pleaded with particularity, and should be dismissed.[76] Rule 9's heightened pleading standard applies to state consumer protection statutes.[77]

Ms. Keating first alleges that Nordstrom violated subsection (5) of AS 45.50.471(b), which makes it an unfair trade practice to represent "that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, secondhand, or seconds."[78] The FAC does not contain any allegations that any of the goods Ms. Keating purchased from Nordstrom were deteriorated, altered, reconditioned, reclaimed, used, secondhand, or seconds. Accordingly, this claim is dismissed without prejudice with leave to amend.[79]

Ms. Keating also asserts violations of the following three subsections of the statute: subsection (10), which penalizes "making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions"; subsection (11), which penalizes "engaging in any other conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer or a competitor in connection with the sale or advertisement of goods or services"; and subsection (12),

---

[76] Docket 23 at 16. Although Ms. Keating's FAC alleges violations to Alaska Statute 45.50.471(a)(5), (10), (11) and (12), the statute does not have subsections (a)(5), (10), (11), or (12). Ms. Keating asserts, and Nordstrom acknowledges, that her FAC should have read (b)(5), (10), (11), and (12). *See* Docket 41 at 24; Docket 23 at 16.

[77] *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding "Rule 9(b)'s heightened pleading standards apply to claims for violations of [California's] CLRA and UCL.").

[78] Alaska Stat. § 45.50.471(b).

[79] Ms. Keating does not allege violations of subsection (5) in her Proposed Second Amended Complaint. *See* Docket 52-1 (Proposed Second Am. Compl.).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 16 of 20

which penalizes "using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others will rely upon the concealment, suppression, or omissions in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged." Ms. Keating alleges in her FAC that Nordstrom "has a pattern and practice of advertising false sales prices while regularly charging its customers more than the ticketed price" and that the advertised price, whether it be hand written or on a sign, was not honored at the cash register.[80] She maintains that she was charged a higher price. Ms. Keating has satisfied Rule 9(b)'s particularity requirements in providing specific details of several events where this allegedly occurred. Accordingly, the FAC has stated a cause of action under subsections (10), (11), and (12) of AS 45.50.471(b).

Nordstrom maintains that the two-year statute of limitations bars Ms. Keating's claims that are based on the February 12, 2015 transaction.[81] AS 45.50.531(f) provides "[a] person may not commence an action under this section more than two years after the person discovers or reasonably should have discovered that the loss resulted from an act or practice declared unlawful by AS 45.50.471." Although the FAC does not state when Ms. Keating discovered the pricing problem, the Proposed Second Amended Complaint alleges she returned on February 16, 2015 to obtain a price adjustment.[82] Accordingly,

---

[80] Docket 7 at 1–2, ¶ 3.

[81] Docket 23 at 23.

[82] Docket 52-1 at 5, ¶ 15.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 17 of 20

Ms. Keating's claims based on the February 12, 2015 transaction are not barred by the statute of limitations under the discovery rule.[83]

### C. 12(f) Motion

Nordstrom asserts that the Court should strike Ms. Keating's improper allegations and class certification.[84] Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."[85] As discussed previously, Ms. Keating's CLRA claim is barred by the statute of limitations and all claims relating to pre-season sales and multiple item discounts lack standing.[86] Accordingly, her CLRA claim and all claims relating to pre-season sales and multiple item discounts on behalf of the putative class are stricken without prejudice.

## CONCLUSION

Therefore, IT IS ORDERED that Nordstrom's Motion to Dismiss at Docket 23 is DENIED in part and GRANTED in part as follows:

---

[83] *See Yurioff v. American Honda Motor Co., Inc.*, 803 P.2d 386, 388–89 (Alaska 1990) (holding that complaint filed on March 20, 1987 would be timely filed if the accident took place on March 20, 1985).

[84] Docket 23 at 17.

[85] *Jovel v. Boiron, Inc.*, 2013 WL 12164622 at * 3 (C.D. Cal. Aug. 16, 2013).

[86] *See supra* notes 44-47 and accompanying text. Ms. Keating's allegations of violations to AS 45.50.471(b)(5) and common law fraud are similarly stricken without prejudice. However, these claims are not pleaded in Ms. Keating's Proposed Second Amended Complaint. *See* Docket 52-1.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 18 of 20

Nordstrom's Motion to Dismiss Ms. Keating's claims as they relate to pre-season sales and multiple item discount is GRANTED with leave to amend.

Nordstrom's Motion to Dismiss Ms. Keating's First Cause of Action or common law fraud is GRANTED with leave to amend.

Nordstrom's Motion to Dismiss Ms. Keating's Second Cause of Action for violations of California's Consumer Legal Remedies Act is GRANTED with leave to amend.

Nordstrom's Motion to Dismiss Ms. Keating's Third Cause of Action for violations of Alaska Statute § 45.50.471(b)(5) is GRANTED with leave to amend.

Nordstrom's Motion to Dismiss Ms. Keating's Third Cause of Action for violations of Alaska Statute § 45.50.471(b)(10), (11) and (12) is DENIED.

Nordstrom's Motion to Dismiss Ms. Keating's Fourth Cause of Action for violations of California's Unfair Competition Law is DENIED.

Nordstrom's Motion to Strike Allegations under FRCP 12(f) is GRANTED as to Ms. Keating's claims relating to preseason sales, multiple item discount and her CLRA claim and is DENIED as to all other claims.

Nordstrom's opposition to Ms. Keating's Motion to Amend at Docket 52 is due 14 days from the date of this order.[87]

Nordstrom's Motion for Extension of Time to File Scheduling and Conference Planning Report at Docket 62 is GRANTED as follows: the report shall be filed within 14 days of the date of this order.

---

[87] *See* Docket 59 (Minute Entry for Oral Argument).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 19 of 20

Nordstrom's Motion to Strike Ms. Keating's Supplemental Authority in Support of Her Opposition at Docket 70 is DENIED.  However, the Court has considered both parties' briefing and finds *Veera v. Banana Republic*, 6 Cal.App.5th 907 (2016) inapposite.

DATED this 26th day of January, 2018.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom, Inc.*
Order re Motion to Dismiss
Page 20 of 20