# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MAUREEN KEATING, et al.,

    Plaintiffs,

v.

NORDSTROM, INC.,

    Defendant.

Case No. 3:17-cv-00030-SLG

## ORDER

Before the Court are three ripe motions. At Docket 96 is Plaintiff Nancy Rheeston's Motion to Compel Nordstrom to Provide Further Response to Plaintiffs' First Requests for Production and for Sanctions. Plaintiffs submitted a Separate Statement in Support, providing additional detail, at Docket 97. Nordstrom responded in opposition at Docket 106. And at Docket 107 it responded to Plaintiffs' Separate Statement in Support. Plaintiffs replied to Nordstrom's opposition at Docket 108.

At Docket 109 is Nordstrom's motion to strike two exhibits attached to Plaintiff's reply at Docket 108 and request for sanctions. Plaintiffs opposed at Docket 110; Nordstrom replied at Docket 118.

At Docket 113 is Plaintiffs' Motion to Extend Class Certification Discovery Cut-Off. Nordstrom opposed at Docket 117; Plaintiffs replied at Docket 119.

With respect to Plaintiffs' motion to compel further response from Nordstrom on the discovery requests, the record reflects that Defendant supplemented its discovery response with only minimal production on December 27, 2018—the same day that it filed its opposition—and over six months after its first response in June 2018, which simply indicated an intent to conduct a diligent search at some unspecified future time. The Court finds Nordstrom unreasonably delayed in responding to the discovery and that its responses to the production requests to date have been inadequate.

The Court agrees with both parties that a discovery conference with the Court may be of assistance to the parties. Therefore, a discovery conference shall be held on the record on **March 26, 2019 at 1:00 p.m.** in Courtroom 3 in Anchorage, Alaska. The Court will also address Plaintiffs' recently filed second motion to compel at Docket 120 at that conference if it is then ripe.

Prior to the discovery conference, the Court orders Nordstrom to serve a supplemental response to the requests for production that identifies by Bates numbers each of the documents that it has produced that are responsive to each particular request. For example, at the bottom of page 5 of Docket 106-1, Nordstrom should add to the last paragraph of its response the precise pages of the documents that it produced that are responsive to this specific request.

The Court also orders that Nordstrom supplement its response to provide the complete customer database for each of the three named Plaintiffs for the period from January 1, 2014 through December 31, 2017, to the extent it has not

done so. In addition, it shall provide the pricing history for each item on that data base for each of the three named Plaintiffs for that same four-year time period.

Nordstrom's motion to strike seeks to strike two documents that Plaintiffs appended to their reply. Nordstrom maintains the documents should have been filed under seal based on the terms of the Protective Order entered in this case at Docket 79. Nordstrom is correct. The documents were marked CONFIDENTIAL by Nordstrom, and the Protective Order requires that the parties file under seal any document that has been designated CONFIDENTIAL, following the procedure set forth in the Local Civil Rules.[1] If Plaintiffs were of the view that the documents did not need to be sealed, they needed to follow the procedure specified in the Protective Order for challenging confidentiality designations. Unless and until a confidentiality designation has been removed, a document marked CONFIDENTIAL must not be filed in the public record. Therefore, the motion to strike at Docket 109 is GRANTED. The Clerk of Court is directed to indicate that the documents filed at Docket 108-1 and 108-2 are STRICKEN and will not be considered by the Court;[2] the Clerk of Court is further directed to place the documents at Docket 108-1 and Docket 108-2 under seal. The request for sanctions is further GRANTED as follows: Nordstrom is awarded attorney's fees in the amount of $1,200, representing three hours of legal work at the prevailing

---

[1] Stipulated Protective Order at ¶12.3; *see also* Local Civil Rule 7.3(f) (revised December 2018).

[2] *See* Local Civil Rule 1(b)(9)A).

Case No. 3:17-cv-00030-SLG, *Keating, et al., v. Nordstrom, Inc.*
Order
Page 3 of 4
Case 3:17-cv-00030-SLG   Document 121   Filed 02/19/19   Page 3 of 4

rate for Anchorage, Alaska. This amount shall be included in the judgment entered at the conclusion of this case as either a debit or credit, as appropriate.

In the third motion, Plaintiffs seek to extend the class certification discovery cut-off by 90 days. The Court finds that Plaintiffs have been sufficiently diligent, particularly after the Court entered its order on Defendant's motion to dismiss in October 2018.[3] In light of Nordstrom's delayed and limited discovery production to date, the extension is warranted. Accordingly, the motion at Docket 113 is GRANTED and class certification discovery is extended until May 4, 2019.

Therefore, IT IS ORDERED that the motion to compel at Docket 96 is GRANTED in part as set forth above. Nordstrom shall supplement its responses consistent with the terms of this order within **14 days of the date of this order.** The Court will further address the motion to compel at Docket 96 at the discovery conference. The discovery conference shall be held on the record on **March 26, 2019 at 1:00 p.m.** in Anchorage, Alaska. Not later than **14 days** prior to the conference, the parties shall meet and confer regarding the status of discovery. Each party shall file an update on the status of discovery production no less than **seven days** prior to the discovery conference. The update shall not exceed 5 pages.

DATED this 19th day of February, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[3] *See Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 608 (9th Cir. 1992).

Case No. 3:17-cv-00030-SLG, *Keating, et al., v. Nordstrom, Inc.*
Order
Page 4 of 4
Case 3:17-cv-00030-SLG   Document 121   Filed 02/19/19   Page 4 of 4