**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MAUREEN KEATING, et al.,<br><br>                Plaintiffs,<br><br>      v.<br><br>NORDSTROM, INC.,<br><br>                Defendant. | <br><br><br><br><br><br><br>Case No. 3:17-cv-00030-SLG |

**ORDER RE MOTION FOR THE COURT TO DETERMINE THE SUFFICIENCY OF RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION AND MOTION TO COMPEL FURTHER RESPONSE OR IMPOSE OTHER DISCOVERY SANCTIONS**

Before the Court at Docket 193 is Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions. Defendant Nordstrom, Inc., responded in opposition to the Motion to Compel Further Responses at Docket 200. Plaintiffs replied to Defendant's opposition at Docket 203. Oral argument was not requested and was not necessary to the Court's decision.

**BACKGROUND**

Plaintiffs served three sets of Requests for Admission ("RFAs")[1]: Plaintiff

---

[1] Pursuant to the Joint Scheduling and Planning Conference Report, the parties may each serve a maximum of 33 RFAs. *See* Docket 74 at 5.

Rheeston served a set on March 28, 2019,[2] and Plaintiff Freitag and Plaintiff Keating each served a set on April 17, 2019.[3] Defendant Nordstrom responded to Plaintiff Rheeston's RFAs on April 29, 2019, and to Plaintiff Freitag's and Plaintiff Keating's RFAs on May 17, 2019.[4] On July 24, 2019, Plaintiffs filed a motion for the Court to determine the sufficiency of Nordstrom's responses and objections to their RFAs and to compel further response or impose other discovery sanctions.[5] The parties met and conferred before Plaintiffs filed this motion.[6]

Plaintiffs' requests are numerous. They ask the Court to: (1) strike the "vague and ambiguous objections" throughout Nordstrom's responses;[7] (2) order Nordstrom to "deny [the] request without objection" for each of Plaintiff Rheeston's RFA No. 1, Plaintiff Freitag's RFA Nos. 4, 8, 10, 11, 14–16, 21, and Plaintiff Keating's RFA Nos. 8, 21, 23;[8] (3) strike Nordstrom's "compound" objection throughout its responses;[9] (4) strike Nordstrom's "legal conclusion or expert

---

[2] Docket 193 at 2.

[3] Docket 193 at 2.

[4] Docket 194 at 1–2.

[5] Docket 193.

[6] Docket 193 at 2; Docket 200 at 4.

[7] Docket 193 at 5.

[8] Docket 193 at 6.

[9] Docket 193 at 7.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 2 of 18

opinion" objection and compel it to "admit or deny or explain any lack of information" for each of Plaintiff Rheeston's RFA Nos. 3–8, 11–17, for Plaintiff Freitag's RFA Nos. 9, 20, 22, 23, and for Plaintiff Keating's RFA Nos. 3–7, 9–11, 15–17, 22, 24–31;[10] (5) order Nordstrom to respond without objection to relevance to Plaintiff Keating's RFA Nos. 10 and 11;[11] (6) strike Nordstrom's objections and qualifications entirely in response to Plaintiff Rheeston's RFA Nos. 2, 7, and 16, and to Plaintiff Freitag's RFA No. 7 and deem them admitted without qualification;[12] (7) strike Nordstrom's objections based on lack of information and deem admitted each of Plaintiff Rheeston's RFA Nos. 9, 10, 18, 19, Plaintiff Freitag's RFA Nos. 1–3, 6, 7, 12, 13, 18, 19, and Plaintiff Keating's RFA Nos. 1 and 19;[13] and finally, (8) deem admitted Plaintiff Rheeston's RFA Nos. 4 and 8 and Plaintiff Keating's RFA No. 8.[14] Additionally, Plaintiffs ask the Court to award sanctions to Plaintiffs

---

[10] Docket 193 at 8.

[11] Docket 193 at 9–10.

[12] Docket 193 at 12–13, 15–16. In their reply in support of this motion to compel, Plaintiffs withdrew Plaintiff Freitag's RFA No. 7. *See* Docket 203 at 2 n.1.

[13] Docket 193 at 15.

[14] Docket 193 at 16. Plaintiffs also assert that Nordstrom's objections to these RFAs that the "documents speak for themselves" are improper and though they do not request any relief, the Court assumes Plaintiffs request these objections struck as well. *See* Docket 193 at 9.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 3 of 18

for "costs in discovery, bringing this motion and such other and further sanctions to deter Nordstrom from presenting false evidence to this Court."[15]

In response, Nordstrom contends that it provided substantive responses (notwithstanding its objections) to all but four of the RFAs.[16] Specifically, for all but those four RFAs, Nordstrom either admitted or denied the statement, or indicated that it "lack[ed] sufficient information to respond to this Request" in cases "where the information needed to respond was in Plaintiff's possession, not Nordstrom's."[17] Nordstrom concedes that in those instances where it lacked sufficient information to respond, it did not include in its responses that it had made a "reasonable inquiry" as required by Rule 36.[18] Nordstrom adds that prior to Plaintiffs' filing of the motion, during the parties' meet-and-confer call, "counsel [for Nordstrom] confirmed that such an inquiry had been made" and that it would supplement its responses to so indicate on request.[19] It maintains Plaintiffs did not make any such request before filing this motion.[20] For the remaining four RFAs—

---

[15] Docket 193 at 12; *see also* Docket 193 at 15, 16–19.

[16] Docket 200 at 2.

[17] Docket 200 at 8.

[18] Docket 200 at 9.

[19] Docket 200 at 9.

[20] Docket 200 at 9.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 4 of 18

Plaintiff Rheeston's RFA Nos. 4, 8, and 16 and Plaintiff Keating's RFA No. 18—Nordstrom rested on its objections and did not admit or deny the request.[21]

## LEGAL STANDARD

Federal Rule of Civil Procedure 36 governs parties' Requests for Admission during discovery. It specifies that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."[22] Moreover, "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."[23] If a party "assert[s] lack of knowledge or information as a reason for failing to admit or deny," it must "state[] that it has made reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."[24] The "[p]arties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct . . . [and] should focus on the goal of the Rules, full and efficient discovery, not evasion and word play."[25]

---

[21] Docket 200 at 2.

[22] Fed. R. Civ. P. 36(a)(4).

[23] *Id.*

[24] *Id.*

[25] *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 5 of 18

When a party moves to determine the sufficiency of an answer or objection, a court "must order that an answer be served" unless it finds an objection justified.[26] Upon "finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."[27]

## DISCUSSION

Plaintiffs' numerous requests fall into four categories of relief: they ask this Court to strike certain objections, to order Nordstrom to respond substantively to some RFAs, to deem other RFAs admitted, and to order sanctions. The Court addresses each request for relief in turn.

### 1. Plaintiffs' requests to strike objections

First, Plaintiffs ask the Court to strike various objections from Nordstrom's responses including, *inter alia*, objections to vague and ambiguous language, compound statements, requests requiring legal conclusions or expert opinions, and relevance. Plaintiffs' position that some of Nordstrom's objections are unwarranted has some merit. But, notwithstanding its multitude of objections, Nordstrom provided substantive responses to all but four RFAs. The Court finds

---

[26] Fed. R. Civ. P. 36(a)(6).

[27] *Id.*

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 6 of 18

that in all but those four cases (addressed *infra*), Nordstrom did not use the objections as a basis to withhold information or responses.[28] Therefore, the Court declines to strike Nordstrom's objections from its responses.

### 2. Plaintiffs' request to compel substantive responses

Second, Plaintiffs ask the Court to compel Nordstrom to "admit or deny or explain any lack of information" as to Plaintiff Rheeston's RFA Nos. 3–8, 11–17, Plaintiff Freitag's RFA Nos. 9, 20, 22, 23, and Plaintiff Keating's RFA Nos. 3–7, 9–11, 15–18, 22, 24–31.[29] Having reviewed the responses, the Court finds that for all but four of these RFAs, Nordstrom provided an adequate substantive response. Specifically, Nordstrom denied Plaintiff Rheeston's RFA Nos. 3, 5, 6, 11–15, and 17, Plaintiff Freitag's RFA Nos. 9, 20, 22, and 23, and Plaintiff Keating's RFA Nos. 3–7, 9–11, 15–17, 22, and 24–31, and admitted in part and denied in part Plaintiff Rheeston's RFA No. 7.[30] Because Nordstrom provided a substantive response as

---

[28] *See Marchand*, 22 F.3d at 938 (recognizing that "[c]ounsel routinely object to discovery requests" but cautioning that "parties should not seek to evade disclosure by quibbling and objection . . . [and] should admit to the fullest extent possible, and explain why other portions of a request may not be admitted.").

[29] Although Plaintiffs did not move to compel a supplementary response to Plaintiff Keating's RFA No. 18 in their motion, they addressed that RFA in their reply. Docket 203 at 7.

[30] In their reply in support of their motion to compel, Plaintiffs withdrew Plaintiff Freitag's RFA No. 7. *See* Docket 203 at 2 n.1. Nordstrom also denied Plaintiff Rheeston's RFA No. 1, Plaintiff Freitag's RFA Nos. 4, 8, 10, 11, 14–17, and 21, and Plaintiff Keating's RFA No. 2 and admitted in part and denied in part Plaintiff Freitag's RFA No. 5. *See* Docket 200 at 8. However, Plaintiffs did not move to compel supplementary responses

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 7 of 18

permitted by Rule 36, the Court will not compel it to change or supplement its answers to these RFAs.

However, Nordstrom did not substantively respond to Plaintiff Rheeston's RFA Nos. 4, 8, or 16 or to Plaintiff Keating's RFA No. 18. Instead, Nordstrom stood on its objections. Each of these RFAs is addressed below.

**Plaintiff Rheeston RFA No. 4:**

Request: Less than 15 percent of the total number of beauty boxes sold were sold at a price higher than $28.90.[31]

Response: Nordstrom incorporates its Preliminary Statement and General Objections herein. Nordstrom objects to this Request on the grounds that it is vague and ambiguous, in particular with regard to its use of the terms "total number," "beauty box," "sold" and "price." Nordstrom further objects to this Request to the extent it seeks an impermissible legal and/or expert opinion or conclusion. Nordstrom further objects on the grounds that Nordstrom produced the transaction histories, which speak for themselves. Nordstrom further objects to this Request on the grounds that it is vague and ambiguous as to time.[32]

In its opposition, Nordstrom contends that it has produced all the transaction data "relating to the Beauty Box from 2013, and not at any other time" and that "Plaintiffs can do whatever calculations they want."[33] It adds that to answer this RFA would require it to pull all sales of the beauty box "at any time" and that this

---

for these RFAs.

[31] Docket 194-3 at 5.

[32] Docket 194-3 at 5.

[33] Docket 200 at 11.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 8 of 18

would be "unduly burdensome."[34]  Plaintiffs contend they did not have Nordstrom's data regarding the beauty box until after these requests were served.[35]

The Court finds that Nordstrom's response falls short of what is required under Rule 36.  Although the Court agrees with Nordstrom that there is some ambiguity about the timeline, Nordstrom can and should answer this RFA based on the data produced in this case.[36]  Accordingly, the Court orders Nordstrom to provide a substantive response (admit, deny, or assert insufficient information) to Plaintiff Rheeston's RFA No. 4.

**Plaintiff Rheeston RFA No. 8:**

Request:  YOU sold the beauty box at the same price or at a lower price after the 2013 Anniversary Sale was finished.[37]

---

[34] Docket 200 at 11.

[35] Docket 203 at 7.

[36] Indeed, Nordstrom concedes as much in its opposition.  See Docket 200 at 6 ("[W]hen a request is uncertain or vague, it is proper for the responding party to answer based on its understanding of the request, qualifying the admission or denial as appropriate."). See also S.A. Healy Co./Lodigiani USA, Ltd. v. United States, 37 Fed. Cl. 204, 206 (Fed. Cl. 1997) ("If defendant understood the term to have some other possible meaning, it should have specified that meaning and admitted or denied each request based on both meanings."); Marchand, 22 F.3d at 938 (a party "should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted"); Milgram Food Stores v. United States, 558 F. Supp. 629, 636 (W.D. Mo. 1983) ("While plaintiff may have been unable to agree to the exact wording of defendants' requests for admission, some alternate wording or stipulation was clearly feasible.").

[37] Docket 193-4 at 7.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 9 of 18

> Response: Nordstrom incorporates its Preliminary Statement and General Objections herein. Nordstrom objects to this Request on the grounds that it is vague and ambiguous, in particular with regard to its use of the terms "beauty box," "same price," "lower price" and "Anniversary Sale." Nordstrom further objects to this Request to the extent it seeks an impermissible legal and/or expert opinion or conclusion. Nordstrom further objects to this Request on the grounds that it lacks a baseline price to which it is purporting to compare other prices, rendering it defective and incapable of being answered. Nordstrom further objects on the grounds that Nordstrom produced the transaction histories, which speak for themselves. Nordstrom further objects on the grounds that this Request is vague as to time.[38]

Nordstrom contends that it is "unclear what price [Plaintiffs] are talking about or during what period of time" and points Plaintiffs to its production.[39] As mentioned above, Plaintiffs contend they did not have Nordstrom's data until after these requests were served.

The Court finds that Nordstrom's response falls short of what is required under Rule 36. However, the Court agrees with Nordstrom that there is some ambiguity in the request as to the pricing and dates. Therefore, the Court orders the parties to meet and confer **within 7 days of this order** to address any ambiguity. Once resolved, the Court orders Nordstrom to supplement its response to Plaintiff Rheeston's RFA No. 8.

---

[38] Docket 193-4 at 7.

[39] Docket 200 at 11.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 10 of 18

**Plaintiff Rheeston RFA No. 16:**

Request: Nordstrom did not restock the beauty box purchased by Rheeston.[40]

Response: Nordstrom incorporates its Preliminary Statement and General Objections herein. Nordstrom objects to this Request on the grounds that it is vague and ambiguous, in particular with regard to its use of the terms "restock," "beauty box." Nordstrom further objects to this Request to the extent it seeks an impermissible legal and/or expert opinion or conclusion.[41]

In its opposition, Nordstrom contends that this RFA is irrelevant, vague "as to time and meaning of 'restock,'" and adds that the Beauty Box "did not sell out, [during the Anniversary sale] and therefore there was no reason to restock."[42]

The Court finds Nordstrom's response insufficient to fulfill its obligations under Rule 36. Plaintiff Rheeston's RFA No. 16 is relevant to Plaintiffs' preseason sale claims. However, the Court agrees with Nordstrom that there is some ambiguity as to the meaning of "restock" and the relevant timeframe and orders the parties to meet and confer **within 7 days of this order** to clarify both. The Court orders Nordstrom to supplement its response to this RFA thereafter.

---

[40] Docket 193-4 at 10.

[41] Docket 193-4 at 10.

[42] Docket 200 at 11–12.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 11 of 18

**Plaintiff Keating RFA No. 18:**

Request: Camilla Brooks has given pricing adjustments to customers because of register errors during her 21 years with Nordstrom.[43]

Response: Nordstrom incorporates its Preliminary Statement and General Objections herein. Nordstrom objects to this Request on the grounds that it is vague and ambiguous, in particular with regard to its use of the terms "given," "pricing adjustments," "customers," "because of register errors." Nordstrom further objects on the ground that it is vague and ambiguous as to time. Nordstrom further objects on the grounds that it seeks information not relevant to the claims and defenses in the action. Nordstrom further objects on the grounds that the deposition testimony of Ms. Brooks speaks for itself.[44]

In its opposition, Nordstrom contends that this RFA "is completely irrelevant to this case" and that "Plaintiffs took [Ms. Brooks'] deposition and were able to ask whatever questions they wanted."[45] The Court finds Nordstrom's response insufficient to fulfill its obligations under Rule 36. Plaintiff Keating's RFA No. 18 is relevant to Plaintiffs' register error claims. Moreover, the fact that Plaintiffs took Ms. Brooks' deposition does not preclude them from seeking to narrow disputed issues at trial through an RFA.[46] The Court orders Nordstrom to supplement its response to this RFA.

---

[43] Docket 194-2 at 11.

[44] Docket 194-2 at 11.

[45] Docket 200 at 10.

[46] *See, e.g. Marchand*, 22 F.3d at 938 ("[T]o aid in the quest for relevant information parties should not seek to evade disclosure by quibbling and objection."); *Milgram Food Stores*, 558 F. Supp. at 636 ("Rule 36 is aimed at eliminating undisputed contentions,

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 12 of 18

### 3. Plaintiffs' request to deem RFAs admitted

Third, the Court addresses Plaintiffs' request that Plaintiff Rheeston's RFA Nos. 2, 4, 7–10, 16, 18, 19,[47] Plaintiff Freitag's RFA Nos. 1–3, 6, 7, 12, 13, 18, 19, and Plaintiff Keating's RFA Nos. 1, 8, and 19 be deemed admitted. The Court finds that Nordstrom provided substantive responses to Plaintiff Rheeston's RFA Nos. 2 and 7, and Plaintiff Keating's RFA No. 8. Accordingly, the Court will not compel Nordstrom to supplement its responses and will not deem those RFAs admitted.

However, for the remainder of these RFAs—Plaintiff Rheeston's RFA Nos. 9, 10, 18, and 19, Plaintiff Freitag's RFA Nos. 1–3, 6, 7, 12, 13, 18, and 19, and Plaintiff Keating's RFA Nos. 1 and 19—Nordstrom answered that it "lack[ed] sufficient information" to admit or deny.[48] In defense of this approach, Nordstrom contends that as "a general matter, Nordstrom responded in this way where the information needed to respond was in Plaintiff's possession, not Nordstrom's."[49] It adds that it cannot know whether its records are complete as to Plaintiffs, or even

---

and thereby [limiting] the issues to be tried by the Court") (citations omitted).

[47] The Court addressed Plaintiff Rheeston's RFA Nos. 4, 8, and 16 *supra*.

[48] *See, e.g.*, Docket 194-2 at 12.

[49] Docket 200 at 8.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 13 of 18

accurate.[50] Nordstrom offers to "provide supplemental responses indicating that a reasonable inquiry was made."[51]

The Court considers all of these disputed RFAs as follows:

**Plaintiff Rheeston's RFAs[52]**

Request No. 9:  Rheeston has shopped at NORDSTROM and made purchases on or after August 19, 2013.

Request No. 10:  Rheeston has made purchases including clothing and shoes at Anniversary Sales and/or Summer Sales on or after February 17, 2014.

Request No. 18:  Rheeston made purchases at Nordstrom of goods that were featured in Anniversary Sales during the period from 2010 through 2014 after the promotions were completed.

Request No. 19:  Rheeston paid less for the post-sale goods she purchased than the price Nordstrom represented it would increase the goods to following the Anniversary Sale.

**Plaintiff Freitag's RFAs[53]**

Request No. 1:  Freitag purchased goods at Nordstrom between January 1, 2012 and May 29, 2017.

Request No. 2:  Freitag has purchased goods at Nordstrom on or after November 25, 2017.

---

[50] Docket 200 at 7–8.

[51] Docket 200 at 8.

[52] Docket 194-3 at 7, 11.

[53] Docket 194-1 at 3–6, 8, 10–11.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 14 of 18

Request No. 3: Freitag paid cash for purchases between January 1, 2012 and May 29, 2017.

Request No. 6: Most of Freitag's purchases in the May 2017 half-yearly sale were not reduced in price at all.

Request No. 7: The quality of the two items for which Freitag was given a reduction in price in the 2017 half-yearly sale was poor.

Request No. 12: YOU placed the Kate Spade Paris scarf purchased by Freitag on a table in the accessories section with a sign representing that an extra 20 percent off discount would be applied at the register.

Request No. 13: YOU advertised that the price of the scarf purchased by Freitag was $37.44 during the course of the Black Friday sale.

Request No. 18: Other customers were not provided the extra 20 percent off discount during the 2017 Black Friday sale.

Request No. 19: YOU have made no reimbursement to any other customers who were not aware of YOUR failure to provide the extra 20 percent off discount during the 2017 Black Friday sale.

**Plaintiff Keating's RFAs[54]**

Request No. 1: Keating purchased goods in the 2013 Anniversary Sale in California.

Request No. 19: Many of Keating's purchases during the last ten years at Nordstrom took place during advertised sales events, including but not limited to, January sales, spring clearance sales, half-yearly sales, summer sales, fall clearance sales, winter clearance and the like.

---

[54] Docket 194-2 at 3–4 and 11.

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 15 of 18

The Court finds that contrary to Nordstrom's assertions, each of these requests does not exclusively relate to "information . . . in Plaintiff's possession, not Nordstrom's."[55] Each of these requests pertains to purchases made by a Plaintiff in this case at Nordstrom, or to Nordstrom's advertising and sales practices. There is no dispute that Nordstrom "has certain records indicating purchases by Plaintiffs."[56] Moreover, it is reasonable for Plaintiffs to assume that information concerning other customers and advertising practices (relevant to Plaintiff Freitag's RFA Nos. 12, 13, 18, and 19) is more readily available to Nordstrom than to Plaintiffs. Accordingly, the Court orders Nordstrom to supplement its responses to Plaintiff Rheeston's RFA Nos. 9, 10, 18 and 19, to Plaintiff Freitag's RFA Nos. 1–3, 6, 7, 12, 13, 18, and 19, and to Plaintiff Keating's RFA Nos. 1 and 19. If Nordstrom has conducted a "reasonable inquiry" and concludes that "the information it knows or can readily obtain is insufficient to enable it to admit or deny," then it should supplement its response accordingly.[57] Otherwise, it should admit or deny each RFA as appropriate.

---

[55] Docket 200 at 8.

[56] Docket 200 at 9.

[57] Fed. R. Civ. P. 36(a)(4).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 16 of 18

### 4. Plaintiffs' request for sanctions

Finally, the Court denies Plaintiffs' request for sanctions at this stage, and each party will bear its own costs arising from this motion.[58]

## CONCLUSION

In light of the foregoing, Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions at Docket 193 is GRANTED in part and DENIED in part as set forth above.

The Court orders as follows:

> 1. The parties shall meet and confer **within 7 days of the date of this order** to resolve any ambiguity in Plaintiff Rheeston's RFA Nos. 8 and 16.
>
> 2. Nordstrom shall supplement its responses to Plaintiff Rheeston's RFA Nos. 4, 8, 9, 10, 16, 18, and 19, to Plaintiff Freitag's RFA Nos. 1–3, 6, 7, 12, 13, 18, and 19, and to Plaintiff Keating's RFA Nos. 1, 18, and 19 consistent with the terms of this order **within 14 days of the date of this order**. Specifically, Nordstrom must admit or deny each RFA or "state[]

---

[58] Fed. R. Civ. P. 37(a)(5)(C).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 17 of 18

that it has made reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."[59]

DATED this 23rd day of October, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[59] Fed. R. Civ. P. 36(a)(4).

Case No. 3:17-cv-00030-SLG, *Keating v. Nordstrom*
Order re Plaintiffs' Motion for the Court to Determine the Sufficiency of Responses and Objections to Requests for Admission and Motion to Compel Further Response or Impose Other Discovery Sanctions
Page 18 of 18