# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MAUREEN KEATING, et al.,

    Plaintiffs,

        v.

NORDSTROM, INC.,

    Defendant.

Case No. 3:17-cv-00030-SLG

## ORDER RE MOTION FOR SANCTIONS AND FOR EXTENSION OF TIME

Before the Court at Docket 213 is Plaintiffs' Motion for Sanctions for Discovery Abuse and for Extension of Class Certification Deadline. Defendant responded in opposition at Docket 218. Plaintiffs filed an affidavit in reply after the time for filing a reply had expired.[1]

The motion for sanctions relates to the depositions of two Nordstrom representatives that occurred on September 10 and September 11, 2019. The depositions were conducted, but Plaintiffs were dissatisfied with many of the responses, asserting that the individuals designated by Nordstrom were not the most knowledgeable persons on the subject matters of the depositions and were poorly prepared.[2] Moreover, Plaintiffs did not conduct any deposition regarding the Anniversary Sale with a Nordstrom representative.[3] Plaintiffs also take issue

---

[1] *See* Local Civ. R. 7.2 (providing 7 days for reply).

[2] Docket 213 at 4–14.

[3] Docket 213 at 2 ("Nordstrom served written objections to each deposition notice, together with an email designating the witnesses and notifying Plaintiffs that it would not

with the extent to which Nordstrom's counsel objected during the depositions.[4] Plaintiffs seek an order directing Nordstrom to "produce new designees educated in the topics noticed following production of documents at their expense in Anchorage."[5] They also seek monetary sanctions in the sum of $29,040.[6] Plaintiffs filed the instant motion on October 31, 2019, which was the deadline to file a motion for class certification. Hence, the motion also seeks to extend the class certification deadline "to a date following the determinations of discovery motions."[7]

Noticeably absent from Plaintiffs' motion is any certification that they met and conferred with Nordstrom in an effort to resolve this dispute.[8] To the contrary, Nordstrom indicates it had no contact at all from Plaintiffs' counsel following the September depositions prior to the filing of the current motion.[9] In its reply to

---

produce its IT witness for the full 7 hours, and moreover in effect refusing to produce a witness for the Anniversary Sale topics at all since it offered that witness only on the same day as the IT deposition.").

[4] Docket 213 at 18–23.

[5] Docket 213 at 27.

[6] Docket 213 at 27.

[7] Docket 213 at 1.

[8] *See* Docket 160 (denying Plaintiffs' motion to compel discovery in May 2019 in part because no certification of an attempt to meet and confer was included with the motion as required by Fed. R. Civ. P. 37(a)(1)).

[9] *See* Docket 219 at 3 (Cardon declaration) ("I asked that Mr. Campbell contact me to discuss the issue to see if the parties could arrange a solution . . . Mr. Campbell never contacted me or any of my colleagues concerning the depositions. Instead, Plaintiffs filed their Motion without any effort to meet and confer, despite my express offer.").

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Sanctions and Extension of Time
Page 2 of 6

Nordstrom's opposition, Plaintiffs' counsel represents that he "met and conferred with Nordstrom before the deposition started . . . during the deposition, both on and off the record" and "at the conclusion of [the] deposition."[10]

Rule 37(a)(1) requires that the party bringing a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[11] The meet-and-confer requirement is a "mechanism to reduce unnecessary burdens on the district court's resources" and a means to "encourage cooperation before parties resort to asking the court to resolve a dispute."[12] It is not merely a "formalistic prerequisite," but rather, a mechanism for parties to "present to each other the merits of their respective positions with the same candor, specificity, and support . . . as during the briefing of discovery motions."[13] For this reason, the rules require a certification that the parties met and conferred; moreover, "[c]ourts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place."[14]

---

[10] Docket 226 at 2 (Campbell declaration). Mr. Campbell adds that Plaintiffs tried and failed to reach this Court during one of the depositions; unfortunately, the undersigned judge was unaware of these attempts and has no record thereof. Docket 226 at 2.

[11] Additionally, Local Rule 37.1 requires that the "certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion."

[12] *Hernandez v. Sessions*, 872 F.3d 976, 1000 n.29 (9th Cir. 2017).

[13] *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).

[14] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145–46 (D. Nev. 2015).

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Sanctions and Extension of Time
Page 3 of 6

Here, there were at best spontaneous discussions at or during the depositions, with no follow-up and no agreement between the parties that it constituted a meet and confer. It is clear that this "truncated discussion . . . was insufficient to meet the counsel's obligations to engage in a meaningful discussion as to each discovery dispute during that process as they would in briefing a subsequent motion."[15] For this reason, the Court will deny Plaintiffs' motion to compel additional discovery and for sanctions.

Moreover, Plaintiffs' motion to compel new depositions and further production of documents requires modification of the pretrial scheduling order. The Court's pretrial scheduling order can only be modified "for good cause," which is primarily a question of "the diligence of the party seeking amendment."[16] While "prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [and] [i]f that party was not diligent, the inquiry should end."[17]

The Court finds that Plaintiffs have not been diligent; it is undisputed that in the seven weeks following the depositions, Plaintiffs did not reach out to Nordstrom

---

[15] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1146 (D. Nev. 2015).

[16] Fed. R. Civ. P. 16(b)(4); *see also Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

[17] *Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Sanctions and Extension of Time
Page 4 of 6

(or to the Court) to request additional deposition testimony or seek other relief.[18] Instead, Plaintiffs waited until the day their class certification motion was due to file the instant motion asking for an extension and seeking further discovery. For this additional reason, the Court denies Plaintiffs' motion for sanctions.

Plaintiffs also seek to modify the Court's pretrial scheduling order to extend the deadline for their motion for class certification.[19] The original class certification motion deadline of April 2, 2019 was set for five months after Nordstrom answered the operative complaint,[20] but it was extended several times at Plaintiffs' request.[21] Most recently, on August 13, 2019, the Court extended the deadline to October 31, 2019.[22] And yet, Plaintiffs failed to file a motion for class certification by the deadline and waited until the last possible day to file that motion, then filed the motion to ask for an extension. Plaintiffs have not demonstrated good cause to modify the Court's pretrial scheduling order to further extend the class certification motion deadline; indeed, Plaintiffs' motion is devoid of evidence of their diligence. Thus, the Court denies Plaintiffs' motion and will not modify the existing schedule.

---

[18] Although Nordstrom opposed any further depositions, it suggested a short deposition, done by videoconference, and limited to Anniversary Sale topics, as a means for resolution. *See* Docket 218 at 19. In their reply, Plaintiffs do not address Nordstrom's suggestion and offer no indication that it would have been an acceptable solution.

[19] Docket 213 at 1.

[20] *See* Docket 74 at 6.

[21] *See* Docket 92, 93, 121, 159, and 202.

[22] *See* Docket 202 at 5.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Sanctions and Extension of Time
Page 5 of 6

Finally, in its opposition, Nordstrom requests that the Court strike Plaintiffs' class allegations from the operative complaint.[23] Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[24] Courts routinely strike class allegations where plaintiffs failed to comply with class certification motion deadlines.[25] Because Plaintiffs failed to file a motion for class certification by the deadline and have not shown good cause for the Court to modify the schedule and give Plaintiffs yet another extension, Plaintiffs' class allegations will be stricken from the complaint.

In light of the foregoing, Plaintiffs' Motion for Sanctions for Discovery Abuse and Motion for Extension of Time at Docket 213 is DENIED. Pursuant to the Court's order at Docket 225, any renewed motion for partial summary judgment shall be filed within **21 days** of the date of this order.

DATED this 3rd day of December, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[23] Docket 218 at 20–21.

[24] Fed. R. Civ. P. 12(f).

[25] *See, e.g. Rocha v. Yoshinoya West, Inc.*, No. 06-cv-00487, 2007 WL 8398819 at *15–16 (C.D. Cal. Jan. 8, 2007) (collecting cases) (striking class allegations as "immaterial" after denying plaintiffs' motion for leave to file an untimely certification motion); *see also Immigrant Assistance Project v. INS*, 306 F.3d 842, 849 n.4 (9th Cir. 2002) (noting plaintiff's untimely filing of class certification motion under local rules was an independent ground for denying class certification).

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Sanctions and Extension of Time
Page 6 of 6