# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MAUREEN KEATING, *et al.*,

           Plaintiffs,

     v.

NORDSTROM, INC.,

           Defendant.

Case No. 3:17-cv-00030-SLG

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court at Docket 228 is Defendant Nordstrom, Inc.'s Motion for Partial Summary Judgment. Plaintiffs Maureen Keating, Christina Freitag, and Nancy Rheeston responded in opposition at Docket 231 and Docket 232. Nordstrom replied at Docket 236. Oral argument was requested by Nordstrom, but was not necessary to the Court's determination.

## BACKGROUND

This is a dispute about Nordstrom's sales and advertising practices. The Court summarized the pertinent facts and procedural history of the case at length in its first order on summary judgment, and therefore will not do so extensively here.[1] Briefly, in the operative Second Amended Complaint ("SAC"), Plaintiffs Maureen Keating, Christina Freitag, and Nancy Rheeston allege violations by

---

[1] Docket 216.

Nordstrom of California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL"), AS 45.50.471 *et seq.*, Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPA"), and California Civil Code §§ 1750 *et seq.*, California's Consumer Legal Remedies Act ("CLRA").[2]  Plaintiffs also sought class certification for Nordstrom customers in Alaska and California affected by Nordstrom's allegedly deceptive practices.[3]

At issue in the current motion for summary judgment are Plaintiffs' "preseason sale" and "summer sale" claims.[4]  Plaintiffs' preseason sale claims arise from their allegations that Nordstrom "regularly advertises pre-season sales in which it purports to discount the prices of fashion items, which it buys in limited quantities" and does not intend to sell "at the purported full, regular price, and/or nor does it sell such items in any substantial quantities at the purported full value."[5]  Plaintiffs' summer sale claims are based on Plaintiffs' contention that:

> Nordstrom's practices, including but not limited to the use of serrated hang tags, are designed to misstate and/or omit information about the prevailing market price for the goods offered in the summer sale by omitting the price at which these items were offered during the pre-season (by removal of the lower part of the hang tag) and misstating

---

[2] Docket 73 at 16–22, ¶¶ 31–53.

[3] Docket 73 at 15, ¶ 28 (defining the class).

[4] The preseason sale is also referred to as the Anniversary Sale.  *See* Docket 144 at 2, ¶ 1 (Decl. Miller).  Plaintiffs' register error claims are not at issue in this motion.  Docket 228 at 3 n.1.

[5] Docket 73 at 4–5, ¶ 10.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 2 of 21

the amount of the discount being offered vis-à-vis the actual savings from the price at which substantial quantities were sold.[6]

Plaintiffs' summer sale claims are limited to those items that were on sale at the previous preseason sale.[7]

On April 19, 2019, Nordstrom filed a motion for partial summary judgment on Plaintiffs' preseason and summer sales pricing claims on three grounds: (1) that Plaintiffs Keating and Freitag lacked standing;[8] (2) that Nordstrom's sales practices were not deceptive as a matter of law because the goods that Plaintiffs purchased on sale were sold at full price either before or after the sale;[9] and (3) that Plaintiffs could not establish damages because they had paid less than the full value of the items they received.[10] On November 8, 2019, the Court granted in part and denied in part Nordstrom's motion.[11] First, with respect to standing, the Court denied Nordstrom's motion for summary judgment on Ms. Freitag's claims in light of outstanding discovery.[12] It also denied Nordstrom's motion for summary

---

[6] Docket 73 at 7, ¶ 12.

[7] Docket 91 at 17.

[8] Docket 143 at 8–10.

[9] Docket 143 at 10–12.

[10] Docket 143 at 12–16.

[11] Docket 216.

[12] Docket 216 at 18–19. However, the Court noted that on the "existing record, the Court would grant summary judgment" as there was no evidence that Ms. Freitag had made a purchase at the preseason or summer sale. Docket 216 at 18.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 3 of 21

judgment on Ms. Keating's claims arising from her 2013 purchases, without prejudice to renew.[13] The Court granted Nordstrom summary judgment on Ms. Keating's preseason and summer sales claims pursuant to the UCL and CLRA arising from her 2017 purchases, as those purchases were made after the filing of the complaint;[14] however, the Court denied the motion as it related to her claims under the UTPA, where "[a]ctual injury as a result of deception" is not required.[15] Next, the Court denied Nordstrom's motion for summary judgment with respect to liability.[16] Finally, on the issue of damages, the Court granted summary judgment to Nordstrom on Plaintiffs' claims for monetary restitution, but not on their claims for other monetary relief under the CLRA and UTPA.[17]

On December 3, 2019, finding that Plaintiffs had failed to file a motion for class certification by the October 31, 2019 deadline, the Court ordered Plaintiffs' class allegations stricken from the complaint.[18]

---

[13] Docket 216 at 22.

[14] The Court found that "these post-complaint 2017 purchases cannot form the basis for a cause of action under the CLRA or the UCL, which both require actual reliance on the alleged misrepresentations." Docket 216 at 19.

[15] Docket 216 at 20 (alteration in original) (quoting *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 131–32 (Alaska 2000)).

[16] Docket 216 at 27.

[17] Docket 216 at 34.

[18] Docket 227 at 6. As the Court indicated in its order, it had extended the class certification deadline on multiple occasions at Plaintiffs' request, yet Plaintiffs still failed to file a timely motion. Docket 227 at 5.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 4 of 21

On December 19, 2019, Nordstrom filed the instant motion for partial summary judgment.[19]

## LEGAL STANDARD

### I. Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[20] When considering a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."[21] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[22] If the evidence provided by the nonmoving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[23]

---

[19] Docket 228.  Nordstrom did not renew its motion in all respects, explaining that it is "taking a targeted approach and . . . renewing its motion only on issues that should unquestionably be resolved on summary judgment."  Docket 228 at 2.

[20] Fed. R. Civ. P. 56(a).

[21] *Moldex-Metric, Inc. v. McKeon Prods., Inc.*, 891 F.3d 878, 881 (9th Cir. 2018) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

[22] *Anderson*, 477 U.S. at 248.

[23] *Id.* at 249–50.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 5 of 21

The party moving for summary judgment "bears the initial burden of demonstrating the absence of a genuine issue of fact for trial."[24] However, "[w]hen the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'"[25] Once the moving party has met its initial burden, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must provide evidence that "set[s] forth specific facts showing that there is a genuine issue for trial."[26] In determining whether to grant or deny summary judgment, a court need not "scour the record in search of a genuine issue of triable fact."[27] A court is entitled to "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."[28]

## DISCUSSION

Nordstrom moves for summary judgment on Plaintiffs' preseason and summer sales pricing claims on two grounds.[29] *First*, Nordstrom moves for

---

[24] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

[25] *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[26] *Anderson*, 477 U.S. at 248.

[27] *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)).

[28] *Id.* (quoting *Richards*, 55 F.3d at 251).

[29] Nordstrom did not renew its motion for summary judgment on the basis that Ms. Keating lacked standing or that Nordstrom's sales practices were not deceptive as a matter of law.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 6 of 21

summary judgment on Ms. Freitag's preseason claims for lack of standing.[30] *Second*, Nordstrom seeks summary judgment on Plaintiffs' claims for monetary damages in connection with their preseason sales claims under the CLRA and UTPA.[31]   The Court addresses each of Nordstrom's grounds for summary judgment in turn.

### I.   Plaintiff Freitag's Standing

Nordstrom contends that Ms. Freitag cannot "establish . . . that she made a purchase either at the Preseason Sale or during the Summer Sale of an item offered at the Preseason Sale that year."[32]   Accordingly, Nordstrom concludes she does not have standing to bring a claim under either California or Alaska law.[33]  In their limited opposition, Plaintiffs state that they do not oppose Nordstrom's motion on this claim.[34]

As the Court explained in its prior order on summary judgment, Plaintiffs have not set forth any evidence or particularized facts about purchases by Ms. Freitag at either a preseason or summer sale, and therefore cannot establish that she suffered an injury traceable to Nordstrom's allegedly unlawful conduct.[35]  The

---

[30] Docket 228 at 7–8.

[31] Docket 228 at 9–13.

[32] Docket 228 at 7.

[33] Docket 228 at 7–8.

[34] Docket 231 at 1.

[35] Docket 216 at 18.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 7 of 21

Court gave Plaintiffs an opportunity to supplement the record, but they have not done so. Accordingly, the Court grants Nordstrom's motion for summary judgment as to Ms. Freitag's preseason and summer sale claims.

## II.    Plaintiffs' Claims for Monetary Damages

Nordstrom contends that it is entitled to summary judgment of Ms. Keating's and Ms. Rheeston's claims for monetary damages arising from the remaining preseason and summer sales claims. The Court previously granted summary judgment to Nordstrom on Plaintiffs' damages claim to the extent they sought restitution (thereby eliminating Plaintiffs' UCL claims). Accordingly, the remaining monetary damages claims are in connection with Ms. Keating and Ms. Rheeston's CLRA and UTPA claims.[36] Nordstrom contends that "Plaintiffs still have not presented any evidence of actual damages" and that because "Plaintiffs purchased items at prices lower than the full price, and the items were sold at full price either just a few days before or a few days after their purchases . . . [t]hey thus still cannot present any evidence that they received something worth less than the price they paid."[37] Nordstrom maintains that the CLRA requires a plaintiff to prove actual damages to obtain relief, citing a handful of California state and federal court

---

[36] Ms. Keating's claims based on her 2013 purchase remain under both statutes, but Ms. Keating's claims based on her 2017 purchase remain only under the UTPA, as the Court previously granted summary judgment to Nordstrom on her claims under the UCL and CLRA arising from her post-complaint purchase. Docket 216 at 19–20.

[37] Docket 228 at 9–10.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 8 of 21

decisions.[38]  Nordstrom also maintains that under the UTPA, a plaintiff must prove that she suffered an "ascertainable loss of money or property" as a result of an unlawful act to get actual damages or statutory penalties.[39]  Nordstrom asserts that a plain reading of the statute's "ascertainable loss of money or property" language requires "a showing of actual loss – that is, actual damages."[40]

Plaintiffs, for their part, propose a full-refund model of damages, contending that their "actual damages should be measured as the price they paid for a

---

[38] Docket 228 at 11–12 (collecting cases).  Among Nordstrom's cited cases are *Harmon v. Hilton Group*, *Wehlage v. EmpRes Healthcare, Inc.*, and *In re iPhone Application Litigation*; in each, the District Court for the Northern District of California granted the defendant's motion to dismiss a plaintiff's CLRA claim for failure to allege any damages, a requirement for standing under the statute.  *See Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 784 (N.D. Cal. 2011) ("Plaintiff has not alleged that [defendants] . . . deceived her in the sale of services to her and that she suffered damages as a result. Accordingly, the Court grants the . . . motion to dismiss Plaintiff's CLRA claims."); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *10 (N.D. Cal. Sept. 20, 2011) ("Plaintiffs have not alleged 'any damage' as a result of Defendants' alleged actions.  Therefore, Plaintiffs' CLRA claim necessarily fails."); *Harmon v. Hilton Grp.*, No. C-11-03677-JCS, 2011 WL 5914004, at *11 (N.D. Cal. Nov. 28, 2011) ("Plaintiff's CLRA claim fails on the basis that he has not alleged any facts showing that he has standing to bring his CLRA claim.").  However, this Court held that Plaintiffs' SAC is sufficient to state a claim under the CLRA.  Docket 91 at 20.  As this Court previously noted, the CLRA's damage requirement for purposes of standing "is a capacious one that includes any pecuniary damage as well as opportunity costs and transaction costs that result when a consumer is misled by deceptive marketing practices."  Docket 216 at 8 (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013), 2013 WL 3368981 (9th Cir. 2013)).

[39] Docket 228 at 10 (quoting AS 45.50.471).

[40] Docket 228 at 11.  Nordstrom also cites this Court's decision in *Sec. Alarm Fin. Enters., L.P. v. Alder Holdings, LLC*, No. 3:13-cv-00102-SLG, 2017 WL 506237, at *4 (D. Alaska Feb. 7, 2017), where the Court granted summary judgment to the counterclaim defendant on claims for damages and statutory penalties under the UTPA because the counterclaimant failed to present evidence of actual damages.  Docket 228 at 11.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 9 of 21

purchase they otherwise would not have bought."[41]  Plaintiffs maintain that "they would not have made their purchases but for Nordstrom's claims that the items were on sale at a considerable discount and would only be available at a higher price if not purchased during the sale."[42]  Ms. Keating declares: "I would not have spent any money at all because I would not have made the purchase at all."[43]  And Ms. Rheeston states:

> I was not aware when I made my purchase that Nordstrom was not going to raise the price, and indeed I bought it only because I thought I was saving money. . . . I would not have bought it at all but for my reliance on Nordstrom's false representations. . . . [I]t was only worth $28.90 to me on the day I bought it, *if it had a value of $150 and if it was only going to be available at $42.95 or more on future dates, not less.*  I got neither the value nor the savings and thus I calculate my damages at the full price I paid because I would not have bought this item but for the false representations, and would otherwise have $28.90 in my pocket.[44]

Plaintiffs assert that "the crux of this case is that Nordstrom made that representation that the goods were worth more than Keating or Rheeston paid," whereas, in fact, "neither Rheeston nor Keating received extra value rather they

---

[41] Docket 231 at 3.

[42] Docket 231 at 2.

[43] Docket 233 at 5 (Decl. Keating).  Ms. Keating further maintains that: "I would not have bought the Treasure & Bond wrap had I known that the discount I was getting was not 50%, and the reference price was the market for only 3 percent of total sales, I would not have felt compelled to jump on the offer."  Docket 233 at 4.

[44] Docket 235 at 4–5 (Decl. Rheeston) (emphasis in original). Ms. Rheeston adds: "I bought those items (the two pairs of shoes in 2010 and the 2013 beauty box and all the other items I purchased over the years at Nordstrom) because I believed Nordstrom's advertising at the time of my purchase that Nordstrom was going to raise the prices for all future sales and I had to buy them before the price went up."  Docket 235 at 4.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 10 of 21

paid what was in effect the true market value."[45]   Plaintiffs add that both Ms. Keating and Ms. Rheeston "were disappointed in the quality of the goods they purchased."[46]   Plaintiffs cite *Veera v. Banana Republic* as holding that "wasted time and even embarrassment from deceptive advertising [are] damages under the CLRA."[47]   However, in *Veera*, the Court of Appeal of California was evaluating whether the plaintiffs' allegations that they had been misled by sale advertisements and purchased items out of embarrassment and frustration were economic injuries sufficient to confer standing under the CLRA.[48]   It found that plaintiffs had "raised a triable issue whether they lost 'money or property sufficient to qualify as injury in fact.'"[49]   The *Veera* court did not hold, as Plaintiffs suggest, that wasted time and embarrassment are a basis for monetary damages, without more.

In response to Plaintiffs' proposed damages model, Defendant maintains that "[c]ourts have repeatedly and unanimously rejected such a full refund measure of damages in these types of cases," citing to *Chowning v. Kohl's Department Stores, Inc.*, and *Stathakos v. Columbia Sportswear Company.*[50]   However, those

---

[45] Docket 231 at 3.

[46] Docket 231 at 3.

[47] Docket 231 at 3 (citing 211 Cal. Rptr. 3d 769 (Cal. Ct. App. 2016)).

[48] 211 Cal. Rptr. 3d at 789.  To establish standing under the CLRA, a plaintiff must show not only that the defendant's conduct was deceptive, but also that it caused them harm. *Id.* at 776 n.3.

[49] *Id.* at 781.

[50] Docket 238 at 4 (citing *Chowning v. Kohl's Dep't Stores, Inc.*, No. CV 15-08673 RGK (SPx), 2016 WL 1072129, at *5–8 (C.D. Cal. Mar. 15, 2016), *aff'd* 733 F. App'x 404 (9th

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 11 of 21

courts rejected a full refund model for restitutionary damages, not for actual damages, which are at issue here.[51]

In addition to restitutionary relief—which this Court previously addressed—the UTPA and the CLRA provide for damages, attorney fees, and costs, and any other relief the court deems proper.[52]  Nordstrom contends that Plaintiffs have "not presented any evidence of actual damages."[53]  However, both Ms. Keating and Ms. Rheeston declared that they would not have purchased the items they did but for Nordstrom's allegedly unlawful representations, and that they were damaged in the full amount that they spent on the items.[54]  Nordstrom disputes the relevance of Plaintiffs' representations, emphasizing that Plaintiffs "cannot present any evidence that they received something worth less than the price they paid."[55]

---

Cir. 2018) and *Stathakos v. Columbia Sportswear Co.*, No. 15-cv-04543-YGR, 2017 WL 1957063, at *10–11 (N.D. Cal. May 11, 2017)).

[51] *Stathakos*, 2017 WL 1957063, at *9 n.7.  ("[T]he Court's discussion . . . is limited to restitution under the UCL, FAL, and CLRA.  Plaintiffs may attempt to pursue other measures of restitution not discussed below, or damages calculations under the CLRA."); *Chowning*, 2016 WL 1072129, at *7 ("[T]he Court analyzes Plaintiff's proposed restitution models.").  *But see Spann v. J.C. Penney Corp.*, No. SA CV 12-0215 FMO (RNBx), 2015 WL 1526559, at *6 (C.D. Cal. March 23, 2015) ("Here, plaintiff has presented evidence that every dollar she spent was as a result of JCPenney's alleged false advertising, and defendant cites no evidence to the contrary or any evidence to demonstrate that a full refund would not be proper under the facts of this case." (citations to briefing omitted)).

[52] AS 45.50.531, 45.50.537; Cal. Civ. Code § 1780(a)(1)–(5), (e); *see also Doe 1 v. AOL LLC,* 719 F. Supp. 2d 1102, 1110 (N.D. Cal. 2010).

[53] Docket 228 at 3.

[54] Docket 231 at 2.

[55] Docket 228 at 10.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 12 of 21

However, for the reasons discussed below, Nordstrom has not established that it is entitled to summary judgment on Plaintiffs' remaining monetary damages claims under the UTPA and the CLRA.

### 1. The UTPA

The UTPA provides that:

> A person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 may bring a civil action to recover for each unlawful act or practice three times the actual damage or $500, whichever is greater. The court may provide other relief it considers necessary and proper.[56]

Nordstrom correctly notes that a plaintiff must prove actual damages to recover monetary relief under the UTPA.[57] Here, Plaintiffs have put forth evidence that they were damaged in the full amount of the price they paid for their purchases. Ms. Keating and Ms. Rheeston declare that they would not have purchased the items absent Nordstrom's allegedly deceptive advertising practices, and that the items they purchased only had value to them insofar as they were getting the deal they thought they were getting.[58] Defendant responds that Plaintiffs received items with real value, pointing to the full-price sale of those items, either before or after

---

[56] AS 45.50.531.

[57] Docket 228 at 11 (citing *Sec. Alarm Fin. Enters., L.P. v. Alder Holdings, LLC*, No. 3:13-cv-00102-SLG, 2017 WL 506237, at *4 (D. Alaska, Feb. 7, 2017)); *see also Garrison v. Dixon*, 19 P.3d 1229, 1235 n.22 (Alaska 2001) ("[T]he claims ultimately failed on summary judgment because plaintiffs could show no monetary losses, as required for a private action under AS 45.50.531(a)").

[58] Docket 233 at 4–5; Docket 235 at 4–5.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 13 of 21

Plaintiffs purchased them.[59]  However, accepting Plaintiffs' evidence as true, and drawing all justifiable inferences in Plaintiffs' favor, a reasonable factfinder could conclude that Ms. Keating and Ms. Rheeston suffered an ascertainable loss of money in connection with their preseason and summer season purchases. Accordingly, there is a genuine dispute for trial on this topic, and Nordstrom's motion for summary judgment on Plaintiffs' remaining claims for monetary damages under the UTPA is DENIED.

**2. The CLRA**

The CLRA provides that:

(a) Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following:

(1) Actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000).

(2) An order enjoining the methods, acts, or practices.

(3) Restitution of property.

(4) Punitive damages.

(5) Any other relief that the court deems proper.[60]

---

[59] Docket 228 at 10.

[60] Cal. Civ. Code § 1780.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 14 of 21

Thus, under the CLRA, damages and restitution are different remedies; as one court explained, "[d]amages under the CLRA are a legal remedy, intended to compensate those who suffer actual damage" and are a "different remed[y]" than "restitution under the False Advertising and Unfair Competition Laws."[61]

As discussed in this Court's prior order on summary judgment, there is no exclusive model for calculating restitution under the CLRA, but the "price paid less value received" is a commonly invoked model.[62] Similarly, there is no lone model for calculating actual damages. The CLRA itself does not define "actual damages," and a review of CLRA case law in this Circuit reveals the use of different models. For instance, some courts have approved of the "market approach" to assess actual damages.[63] This approach is adopted from California Civil Code Section

---

[61] *Colgan v. Leatherman Tool Group, Inc.*, 38 Cal. Rptr. 3d 36, 59 (Cal. Ct. App. 2006). As one legislator stated regarding the remedies under the CLRA, they are intended "to provide the consumer the ability to 'rescind unfair business transactions, collect damages, and stop future bad practices.'" 1 CA Antitrust and Unfair Competition Law § 19.09 (quoting Hayes, *Report Relative to Assembly Bill 292*, 4 Cal. Assem. J. 8464 at 8465).

[62] Docket 216 at 30 (collecting cases).

[63] *See, e.g., Paz v. Playtex Prods.*, No. 07-cv-2133-JM, 2008 WL 111046, at *3 (S.D. Cal. Jan. 10, 2008) ("For a CLRA award of damages, Plaintiff is entitled to his actual damages consisting of 'the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction.'" (quoting Cal. Civ. Code § 3343(a)); *Zakaria v. Gerber Prods. Co.*, No. 15-cv-00200-JAK, 2017 WL 9512587, at *20 (C.D. Cal. Aug. 9, 2017), *aff'd* 755 Fed. Appx. 623 (9th Cir. 2018) (same); *Wiener v. Dannon Co.*, 255 F.R.D. 658, 670 (C.D. Cal. 2009) ("[A]ctual damages for these [CLRA] claims can be calculated by subtracting the value of the Products without the claimed health benefits . . . from the price that the particular class member is able to prove he or she paid.").

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 15 of 21

3343(a), which governs fraudulent sales and provides that "[o]ne defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction."  Other courts have defined "actual damages" more broadly, to mean "those which compensate someone for the harm from which he or she has been proven to currently suffer."[64]

Here, Plaintiffs have proposed a full-refund model of damages.  Although some courts have held that a "full-refund model is an inappropriate measure of damages unless the plaintiff can prove the product conferred no benefits,"[65] those holdings have been either in the context of restitutionary damages, or in cases where "the plaintiffs did not contend that consumers never would have purchased the product absent the claims on the label," as Plaintiffs do here.[66]  Nordstrom has not cited any binding case law—and the Court has not found any—that expressly precludes Plaintiffs' full-refund model of actual damages under these circumstances.[67]

---

[64] *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1146–47 (N.D. Cal. 2010) (quoting *Saunders v. Taylor*, 50 Cal. Rptr. 2d 395, 398 (Cal. Ct. App. 1996)).

[65] *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 898–99 (N. D. Cal. 2016) (collecting cases).

[66] *Id.* at 899.

[67] Nordstrom also relies on *Wilens v. TD Waterhouse Group, Inc.,* where the Court of Appeal of California affirmed the trial court's denial of class certification, reasoning that the class was inappropriate because each member would have to litigate numerous factually unique questions about their entitlement to damages.  Docket 228 at 12 (citing

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 16 of 21

Nordstrom relies on *Krueger v. Wyeth*, a recent federal district court case applying California law.[68] In *Krueger*, the court concluded that "actual damage" under the CLRA is the "difference between the actual value of that with which the defrauded person parted and the actual value of that which he received,"[69] adopting the definition from California Civil Code Section 3343(a).[70] However, as mentioned above, the so-called market approach derived from Section 3343(a) is not the only model for calculating damages. Accordingly, to the extent that the *Krueger* court adopted that model as the exclusive model for actual damages under the CLRA, this Court declines to follow its approach. As one court reasoned in refusing to "interpret 'any damage' in the CLRA as measurable only under the calculation provided for fraud claims in section 3343," the "Ninth Circuit has . . . noted that even though CLRA and UCL claims may be 'said to be "grounded in

---

15 Cal. Rptr. 3d 271, 277 (Cal. Ct. App. 2003). At issue was an allegedly unconscionable contractual provision in the named plaintiff's agreement with the defendant, which allowed the defendant to unilaterally terminate access to a stock trading site. *Wilens*, 15 Cal. Rptr. 3d at 273. The court found that the "case d[id] not lend itself to the presumption that each class member suffered damage by the mere insertion of the termination without notice provision in the . . . agreement." *Id.* at 276. *Wilens* stands only for the uncontroversial proposition that a plaintiff must prove some damages in order to recover under the CLRA and that the particular class under consideration was not well suited for certification as there were many distinct factual inquiries into damages. *Id.* at 277.

[68] Docket 228 at 12 (citing 396 F. Supp. 3d 931, 950 (S.D. Cal. 2019)).

[69] 396 F. Supp. 3d 931, 949 (S.D. Cal. 2019) (quoting *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 42–43 (Cal. Ct. App. 2006)).

[70] The *Krueger* court relies on *Colgan* in support of its definition of actual damages. *Id.* (quoting *Colgan*, 38 Cal. Rptr. 3d at 42–43). However, the *Colgan* court did not purport to define "actual damages," instead commenting only that "[t]o determine the amount of actual damages for a CLRA award, the trial court applied a market approach as set forth in Civil Code Section 3343, subdivision (a)." 38 Cal. Rptr. 3d at 42–43.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 17 of 21

fraud" or to "sound in fraud, . . . [f]raud is not an essential element of a claim under these statutes.'"[71]  Moreover, the market approach adopted in *Krueger* and *Colgan* is, in effect, a restitutionary measure insofar as it involves "'the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received.'"[72]   But the CLRA distinguishes between restitutionary and actual damages, as do courts interpreting the CLRA, including *Colgan.*[73]   For this additional reason, the Court finds that actual damages under the CLRA are not confined to the market approach of Section 3343(a).

The *Krueger* court also distinguished between the objective and subjective valuation of the product at hand.[74]  It noted that in affirming a district court's holding

---

[71] *Daniel v. Ford Motor Co.*, No. 2:11-cv-02890-WBS, 2016 WL 2899026, at *21 n.5 (E.D. Cal. May 18, 2016) (second omission and alteration in original) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103, 1105 (9th Cir. 2003).  The court noted that the defendant "ha[d] not cited a single decision from the California Supreme Court or California appellate courts holding that section 3343 . . .  provides the exclusive measure of damages for CLRA claims.".  *Id.*

[72] *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2014) (quoting *Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 713 (Cal. 2000) (defining restitution).

[73] 38 Cal. Rptr. 3d at 59 ("[A] trial court could, when assessing *damages* under the CLRA, apply standards different from those the trial court might use when ordering *restitution* . . . ." (emphasis in original).  *See also Chowning v. Kohl's Dep't Stores, Inc.*, No. CV 15-08673 RGK (SPx), 2016 WL 1072129 (C.D. Cal. March 15, 2016) ("[R]estitution, as distinguished from damages, must account for any value the plaintiff received." (citing *Cortez*, 999 P.2d at 712)).

[74] *Krueger v. Wyeth, Inc.*, 396 F. Supp. 3d 931, 949 (S.D. Cal. 2019) (emphasizing that the court must "look to what actually occurred, taking into consideration that which the Plaintiff did, in fact, receive and the market value of the product").

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 18 of 21

that a class-wide damages model was inadequate, the Ninth Circuit recently explained that:

> Under California consumer protection laws, plaintiffs can measure class-wide damages using methods that evaluate what a consumer would have been willing to pay for the product had it been labeled accurately. Such methods must, however, reflect supply-side considerations and marketplace realities that would affect product pricing.[75]

However, where, as here, the Plaintiffs are not representing a class, their subjective model of damages does not present the same challenges as it would if applied to class-wide damages.   Plaintiffs' full-refund model of damages corresponds with their theory of liability, and while they may ultimately fail to prove their damages, they have produced sufficient evidence that a reasonable factfinder could conclude they suffered actual damages.  Thus, whether Plaintiffs can prove damages to a reasonable certainty on the basis of their full-refund model is a question of fact that should be decided at trial.  For the aforementioned reasons, Nordstrom's motion for summary judgment on monetary damages arising from Plaintiffs Keating's and Rheeston's preseason and summer sales claims is DENIED.

### III. Plaintiffs' Evidentiary Objections

In addition to their partial opposition, Plaintiffs also filed objections to the evidence offered by Nordstrom in support of its renewed motion for summary

---

[75] *Id.* (quoting *Zakaria v. Gerber Prods. Co.,* 755 Fed. Appx. 623, 624 (9th Cir. 2019)).

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 19 of 21

judgment.[76]  Plaintiffs contend that much of the evidence introduced through Jay Ramsey's and Daniel Miller's declarations contains conclusory statements that are inadmissible hearsay and/or lacking in foundation.[77]  Specifically, Plaintiffs object to the charts introduced in Mr. Ramsey's declaration and his "conclusory statements" about them, maintaining that he is not qualified to comment on the data, and that the underlying data is unauthenticated.[78]  Plaintiffs also take issue with how Mr. Ramsey presents the data, challenging some of the exclusions and cutoffs.[79]  Plaintiffs similarly object to Daniel Miller's declaration, contending that it is based on inadmissible hearsay and unsupported by any evidence in the record.[80]  Moreover, Plaintiffs object to Mr. Miller's conclusion that "substantial quantities" of product were sold at full price, maintaining that was a "material fact which must go to the jury."[81]

The Court has reviewed Plaintiffs' evidentiary objections, but does not rely on the data presented in either Mr. Ramsey's or Mr. Miller's declaration to resolve the questions of standing and damages at issue in this motion.  Accordingly, the Court will not further address Plaintiffs' objections at this time.

---

[76] Docket 232.

[77] Docket 232 at 1.

[78] Docket 232 at 2–3.

[79] Docket 232 at 2–4.

[80] Docket 232 at 6–9.

[81] Docket 232 at 8.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 20 of 21

**CONCLUSION**

In light of the foregoing, Nordstrom's Renewed Motion for Partial Summary Judgment at Docket 228 is GRANTED in part and DENIED in part as follows:

> Nordstrom's Motion for Summary Judgment on Ms. Freitag's Preseason and Summer Sales claims for lack of standing is GRANTED and her preseason and summer sales claims under the CLRA and UTPA are dismissed with prejudice.

> Nordstrom's Motion for Summary Judgment on Ms. Keating's and Ms. Rheeston's claims for monetary damages under the CLRA and the UTPA based on the preseason and summer sale claims is DENIED.

> A trial setting conference is set for **May 5, 2020 at 11:00 AM**.[82] Due to the

coronavirus pandemic, the Court and all parties shall appear telephonically at this

hearing by calling (877) 402-9753 on a land line, five minutes prior to the hearing,

and dialing in with access code 6288202.

DATED this 10th day of April, 2020 at Anchorage, Alaska.

　　　　　　　　　　　　　　　　*/s/ Sharon L. Gleason*
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[82] *See* Alaska District Court Miscellaneous General Order 20-11, Suspension of Court Proceedings, Effective March 30, 2020.

Case No. 3:17-cv-00030-SLG, *Keating, et al. v. Nordstrom*
Order re Motion for Partial Summary Judgment
Page 21 of 21